DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from a judgment of the Lucas County Court of Common Pleas, Juvenile Division, that granted appellee Cecilia R.'s motion to vacate judgment and denied appellant Eddie M., Jr.'s motion to show cause and motion to dismiss Cecilia's motion to vacate. For the reasons set forth herein, we reverse the lower court's judgment, in part, and affirm it, in part.
 {¶ 2} The relevant facts are as follows. On May 1, 1991, Cecilia filed a complaint in parentage against Eddie requesting sole custody of their son Alexander and child support. On August 26, 1991, the juvenile court granted Cecilia sole custody and ordered Eddie to pay child support. Over the next nine years, Alexander intermittently lived with his mother and stepfather, his uncle, and his father.
 {¶ 3} On November 28, 2000, Eddie filed a motion requesting full custody of Alexander and child support from Cecilia. The court held a hearing on Eddie's motion on May 2, 2001, during which Eddie was present, pro se, and Cecilia's attorney was present. Cecilia was not present at the hearing.
 {¶ 4} At the hearing, Eddie made four requests. Because Alexander rarely lived with Cecilia, Eddie asked the court to (1) grant him sole custody of Alexander, (2) terminate Cecilia's current support order against him, (3) grant him a support order against Cecilia, and (4) set his arrearage owed to Cecilia at $0. In a June 20, 2001 judgment entry, the court granted Eddie sole custody of Alexander and ordered Cecilia to pay child support of $160 per month. Additionally, it terminated Cecilia's support order against Eddie, and ordered the Lucas County Child Support Enforcement Agency to correct its records to reflect Eddie's arrearage to Cecilia to be $0.
 {¶ 5} Nearly two years later, on March 14, 2003, Eddie filed a motion to show cause for Cecilia's nonpayment of child support. He requested the court to hold her in contempt for failing to comply with the June 20, 2001 order granting him monthly child support payments.
 {¶ 6} On March 20, 2003, Cecilia's counsel withdrew from representing her. On May 6, 2003, Cecilia — represented by new counsel — filed a Civ.R. 60 motion to vacate the portion of the June 20, 2001 court order indicating that Eddie owed her $0 in child support arrearages. Cecilia based her motion on a July 18, 2001 account summary that indicated Eddie had a total arrearage of $20,713.35 due to Cecilia and the state of Ohio. In addition, she attached an April 25, 2003 arrearage statement itemizing the total arrearage. This statement showed that she was due $17,516.92 as of May 1, 2001. In response, Eddie moved the court to dismiss Cecilia's motion to vacate.
 {¶ 7} On November 3, 2003, the court heard the pending motions. Both parties were represented by counsel. Eddie's counsel objected to the court holding a hearing on Cecilia's motion to vacate. The objection pointed out that Cecilia's counsel failed to demonstrate the three elements necessary to prevail on a motion to vacate. The magistrate noted the objection and moved to the hearing.
 {¶ 8} On December 3, 2003, the magistrate issued his decision granting Cecilia's motion to vacate and denying Eddie's motions to show cause and dismiss. Regarding the granting of Cecilia's motion to vacate and denial of Eddie's motion to dismiss, the magistrate found that Civ.R. 60(B)(5) armed the trial court with a responsibility to bring fairness and equity to the parties and that timeliness was not an issue. Regarding the denial of Eddie's motion to show cause, the magistrate found that Cecilia believed there was a legitimate dispute over the amount previously owed to her by Eddie. On December 17, 2003, the court adopted the magistrate's decision, and issued a judgment entry denying both Eddie's motion to show cause and motion to dismiss and granting Cecilia's motion to vacate.
 {¶ 9} From the judgment entry, Eddie raises the following assignments of error for our review:
 {¶ 10} "I. The trial court erred as a matter of law and abused its discretion in failing to consider the requirements of Civil Rule 60 before proceeding to hearing on appellee's motion to vacate judgment entry.
 {¶ 11} "II. The trial court erred as a matter of fact and law and abused its discretion in granting appellee's motion to vacate judgment entry.
 {¶ 12} "III. The trial court erred as a matter of fact and law and abused its discretion in denying appellant's motion to show cause for nonpayment of child support."
 {¶ 13} Because Assignments of Error Nos. I and II are interrelated, we will address them concurrently. Eddie argues that the lower court abused its discretion by failing to consider the requirements of Civ.R. 60(B) before proceeding to a hearing on the motion and by granting Cecilia's Civ.R. 60(B) motion to vacate. We agree.
 {¶ 14} It is well-established that "[a] motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." Griffey v. Rajan (1987),33 Ohio St.3d 75, 77. An "`abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 15} Civ.R. 60(B) allows a party to move the court for an order relieving it from a previous court order or judgment. The Supreme Court of Ohio has held, "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTEAutomatic Elec., Inc. v. ARC Indus., Inc. (1976), 47 Ohio St.2d 146, at paragraph two of the syllabus. A motion based on Civ.R. 60(B)(4) or (5) must be made within a reasonable time.
 {¶ 16} In the instant matter, the lower court relied on Civ.R. 60(B)(5) in granting Cecilia's motion. That section "is intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment." Caruso-Ciresi, Inc. v.Lohman (1983), 5 Ohio St.3d 64, 66. The grounds for invocation "should be substantial," and Civ.R. 60(B)(5) should not "be used as a substitute for any of the other more specific provisions of Civ.R. 60(B)." Id.
 {¶ 17} To prevail on a motion to vacate, Cecilia was required to meet the GTE test. Cecilia's counsel prepared and filed a motion to vacate that did not adequately demonstrate the GTE elements. Her motion contained three sentences relating to Civ.R. 60. The first sentence simply provided the title that accompanies Civ.R. 60 — "Relief from judgment or order." The second sentence provided that Cecilia was invoking Civ.R. 60(A) and (B) as the basis for her motion. Finally, the third sentence provided that justice would not be served under the June 20, 2001 court order that reduced Eddie's arrearage to $0. GTE was neither cited nor followed.
 {¶ 18} Despite Cecilia's unsubstantiated motion, the lower court relied on Civ.R. 60(B)(5) when granting her motion to vacate, and in doing so, it abused its discretion. Most striking is the lack of GTE's third element in Cecilia's motion. Cecilia was required to demonstrate that she moved to vacate within a reasonable time. GTE, supra, at paragraph two of the syllabus. Not one of the three sentences in her motion explains why she waited almost two years to file the motion.
 {¶ 19} Even after reviewing the entire record, it is clear that Cecilia did not move to vacate within a reasonable time. The court ordered $0 arrearage on June 20, 2001. Soon after, Cecilia or her counsel should have noticed that the order indicated a $0 arrearage instead of a $17,516.92 arrearage. But not until two years later, on May 6, 2003, did Cecilia file her motion to vacate the June 20, 2001 order. Cecilia even attached to her motion an account summary prepared on July 18, 2001 that indicated Eddie had a total arrearage of $20,713.35 due to Cecilia and the state of Ohio. Given the facts, this was an unreasonable amount of time.
 {¶ 20} Also striking is the lack of GTE's second element in Cecilia's motion. Cecilia was required to prove that she was "entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5). * * *"GTE, supra, at paragraph two of the syllabus. Additionally, Civ.R. 7(B)(1) required her motion to "state with particularity the grounds therefor. * * *" Cecilia, in the second sentence of her motion, invoked Civ.R. 60(A) and (B). Cecilia neither specified the subsection that entitled her to relief nor adequately substantiated her entitlement to relief.
 {¶ 21} The entire record, including Cecilia's motion to vacate, reveals that the lower court did not follow the mandate of GTE, and acted arbitrarily and unreasonably in granting Cecilia's motion to vacate and denying Eddie's motion to dismiss. The lower court thus abused its discretion by granting Cecilia's untimely and unsubstantiated motion. Therefore, appellant's first and second assignments of error are found welltaken.
 {¶ 22} In his third assignment of error, appellant argues that the trial court abused its discretion when it denied his motion to show cause for nonpayment of child support. We disagree.
 {¶ 23} The decision to grant or deny a motion to show cause rests within the trial court's sound discretion. State ex rel. Adkins v. Sobb
(1988), 39 Ohio St.3d 34, 35. To reverse under the abuse of discretion standard, the court's attitude must be unreasonable, arbitrary, or unconscionable. Blakemore, supra.
 {¶ 24} The lower court found that Cecilia had a legitimate dispute about the June 20, 2001 order decreasing Eddie's child support arrearage to $0. Additionally, the record demonstrates that there was clearly an issue regarding Eddie's child support arrearage. We reversed the lower court's judgment entry granting Cecilia's Civ.R. 60(B) motion for the sole reason that she did not make the proper demonstration under GTE.
That is, she demonstrated neither that she moved to vacate within a reasonable time nor that she was entitled to relief under one of the grounds in Civ.R. 60(B). Upon reviewing the entire record and surrounding circumstances, we cannot say that the lower court abused its discretion in denying Eddie's motion to show cause. The third assignment of error is therefore not well-taken.
 {¶ 25} On consideration whereof, the court finds that substantial justice has not been done the party complaining, and the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is reversed, in part, and affirmed, in part. This case is remanded to the trial court for entry of judgment consistent with this decision and judgment entry.
 {¶ 26} Pursuant to App.R. 24(A)(4), the parties are ordered to pay their own costs for this appeal.
Judgment Reversed, in part, and Affirmed, in Part.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Singer, P.J. Judge. Concur.