[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas which denied appellant's Civ.R. 60(B)(5) motion to vacate orders issued on October 3, 2002, and April 24, 2003, respectively. The trial court simultaneously granted appellee's motion for enforcement of order staying the case on venue grounds. For the reasons set forth below, the judgment of the trial court is affirmed.
 {¶ 2} On appeal, appellant sets forth the following assignment of error:
 {¶ 3} "This appeal is taken by Taylor Trust No. 1 d/b/a Taylor Buick ("Taylor"), from the trial court's opinion and judgment entry of December 29, 2004."
 {¶ 4} Appellant contends the trial court erred when it denied appellant's Civ.R. 60(B)(5) motion to vacate orders issued on October 3, 2002, and April 24, 2003. Appellant further maintains the trial court erred when it granted appellee's motion for enforcement of orders staying the case on venue grounds.
 {¶ 5} In support, appellant contends that the court's actions were in error because appellant has subsequently discovered a 2001 case unfavorably analyzing the enforceability of the same forum selection clause arising from the Mahoning County Court of Common Pleas. In the course of determining the motion to vacate and issuing the disputed orders, the trial court expressly determined that the Mahoning County case is materially distinguishable from the case under review.
 {¶ 6} The following undisputed facts are relevant to the issues raised on appeal. Taylor Buick, a sizeable and well-established Toledo area automobile dealership, entered into two contracts with appellee Market Scan Information Systems in 2000. Taylor Buick was dissatisfied with the software system it acquired from appellee. On June 21, 2002, Taylor Buick filed a complaint against appellee alleging breach of contract and standard related claims for relief.
 {¶ 7} Appellee filed a motion to stay the case prefaced upon a forum selection clause incorporated in the underlying purchase contract. Clause 10 of the contract unequivocally established that, "courts of competent subject-matter jurisdiction located within the County of Los Angeles, California, shall have exclusive jurisdiction over all disputes arising from or relating to this agreement."
 {¶ 8} On August 15, 2002, appellant filed its opposition to the motion to stay. On October 3, 2002, the trial court granted the motion to stay. In its order granting the motion to stay, the trial court expressly stated that appellant had 60 days in which to refile suit in California. However, the record establishes that appellant did not refile in California or challenge the order. On February 3, 2003, appellee filed a motion for enforcement of the order staying the case. On April 24, 2003, the stay previously granted was extended an additional 30 days so appellant could refile suit in California. Again, suit was not refiled and the order was not challenged.
 {¶ 9} On November 25, 2003, 13 months after the trial court initially granted the disputed motion to stay, appellant filed a Civ.R. 60(B)(5) motion to vacate the trial court orders of October 3, 2002 and April 24, 2003. The orders granted and extended the motion to stay prefaced upon the contractual forum selection clause. On December 29, 2004, the trial court deemed the Civ.R. 60 motion untimely and denied it. The court simultaneously found the sole case cited in support of the motion materially distinguishable. Accordingly, the court granted appellee's motion for enforcement of the order staying the case. Appellant's case was dismissed without prejudice.
 {¶ 10} It is well-established that a motion for relief from judgment under Civ.R. 60(B) is reviewed pursuant to an abuse of discretion standard. A trial court ruling cannot be reversed absent an abuse of discretion being established. Cecilia R. v. Eddie M., 6th Dist. No. L-04-1044, 2005-Ohio-1676, at ¶ 14. An "abuse of discretion" connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 11} As set forth in the controlling Supreme Court of Ohio of GTEAutomatic Elec., Inc., in order to prevail on a Civ.R. 60(B) motion, the moving party must establish that: "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1)-(5); and (3) the motion is made within a reasonable time. The evidentiary burden upon the moving party is all inclusive. The failure to demonstrate a single one of the requisite GTE elements is fatal to the motion.
 {¶ 12} This court has reviewed and considered the record in its entirety. In its November 25, 2003, 60(B)(5) motion to vacate, appellant purports to justify the nearly seven-month delay between the April 24, 2003 order and the motion to vacate on the ground that appellant had not "discovered" the other forum selection clause case of Frederick Motors,Inc. v. Market Scan Information Systems, Inc. This court finds appellant's untimely uncovering of the Frederick case is wholly inadequate so as to warrant a delay in excess of one year between the original order granting the motion to stay and the challenge to that order.
 {¶ 13} Apart from the untimeliness, which is fatal to appellant's motion, this court has reviewed Frederick and finds it materially distinguishable and immaterial to the issue under review. The court emphasized and relied upon the significant discrepancy in size and sophistication between the contracting parties in Frederick. That imbalance between the parties is not present in this case.
 {¶ 14} This court finds that the trial court's denial of an untimely 60(B)(5) motion to vacate based on a distinguishable case did not constitute an abuse of discretion. The court's simultaneous granting of the motion for enforcement of the order to stay was equally proper. There was no abuse of discretion in the lower court's order on December 29, 2004. Accordingly, appellant's sole assignment of error is found not well-taken. The trial court's judgment denying the motion to vacate, granting the motion to enforce, and dismissing the case without prejudice is hereby affirmed.
 {¶ 15} Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Parish, J.