DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal of the judgment of the Wood County Court of Common Pleas granting a motion by Shelby County Department of Job 
Family Services for protective order and to quash a subpoena for its adoption records. Appellant, Wood County Department of Job Family Services, also challenges the trial court's determination not to order adoptive parents of a highly dysfunctional child to pay child support and asserts the trial court erred in improperly relying upon testimony from the adoptive mother in its judgment. For the reasons set forth below, the judgment of the trial court is affirmed.
 {¶ 2} On appeal, appellant sets forth the following three assignments of error:
 {¶ 3} "I. The lower court erred to the prejudice of the Appellants [sic] in granting the Shelby County Department of Job Family protective order and their motion to quash the subpoena.
 {¶ 4} "II. The lower court erred to the prejudice of Appellants [sic] in relying improperly on the testimony of a non-expert witness regarding her opinions and inferences about the child's mental and behavioral problems.
 {¶ 5} "III. The lower court erred to the prejudice of Appellants [sic] in failing to consider all the evidence presented at the hearing; when it determined, pursuant to R.C. 2151.361 that the Defendants should not be compelled to pay child support."
 {¶ 6} The following undisputed facts are relevant to the issues raised on appeal. Appellees, Pete and Carol F. adopted Daisy F., a troubled child, in 2000. Daisy F. was adopted from Shelby County. In the course of adopting Daisy, Pete and Carol F. were provided background information from Shelby County regarding Daisy. Daisy was presented as being conducive to successful adoption despite several severe emotional and behavioral issues. Pete and Carol F. were assured that Daisy was capable of developing positive attachments with her adoptive family.
 {¶ 7} The magnitude and seriousness of Daisy's issues began to manifest almost immediately. Daisy's conduct presented an insurmountable obstacle to her new family. Daisy engaged in overt and highly inappropriate sexual communication directed at Pete and Carol F.'s younger, biological daughter. Daisy drafted notes specifying types of sexual activity which she hoped to engage in with her sister. Daisy purposefully placed the notes in her sister's underwear. In addition, Pete and Carol F. observed that the household pets began to exhibit signs of fear toward Daisy. After Daisy was given responsibility for walking one of the family dogs, the dog inexplicably and suddenly died from a ruptured spleen. Pete and Carol F. believed Daisy was involved.
 {¶ 8} Pete and Carol F. concluded that Daisy's problems jeopardized the health and safety of their biological family so long as Daisy continued to reside in their home. Ultimately, the adoption failed and custody of Daisy was accepted by the Wood County Department of Job and Family Services with placement in a treatment foster home.
 {¶ 9} On January 23, 2002, Daisy was adjudicated a delinquent child by the Wood County Juvenile Court. On August 4, 2004, two and one-half years after the agency assumed custody of Daisy F., appellant filed a motion to establish child support against the adoptive parents. Appellant also filed a motion to name the Shelby County Department of Job and Family Services as a party to the action and sought a subpoena to obtain the adoption records of Daisy F.
 {¶ 10} Appellees opposed the motion to join Shelby County as a party to the case. Appellees correctly argued that no claim had been asserted against Shelby County. Shelby County filed a motion to quash the subpoena and opposed being named a party. On November 12, 2004, the trial court conducted an evidentiary hearing and heard oral arguments on the pending motions. On March 14, 2005, the trial court issued its judgment, denying appellant's motion to join Shelby County as a party and granting the motion to quash the subpoena. The trial court simultaneously denied appellant's motion for child support from the adoptive parents. Appellant filed a timely notice of appeal.
 {¶ 11} In its first assignment of error, appellant asserts the trial court erred in granting Shelby County's motion to quash the subpoena and for a protection order. In support, appellant argues the trial court "could have" ordered that the adoption records of Shelby County be produced for an in camera inspection. In support of this assignment of error, appellant cites In re: Robert S. (1994), 98 Ohio App.3d 84. This court has reviewed the case relied upon and the transcript of the evidentiary hearing and finds the trial court correctly concluded that Inre: Robert S. is materially distinguishable. It involved a direct claim for compensation against the nonresidential county. The trial court properly held there was a "substantial distinction" between the cited case and the case under review.
 {¶ 12} R.C. 3107.17(B)(1) must be reviewed to analyze the merits of the first assignment of error. This statute establishes the presumption of confidentiality of adoption records. R.C. 3101.17 states in relevant part "no person or governmental entity shall knowingly reveal any information contained in a paper, book, or record pertaining to a placement under section 5103.16 of the revised code or to an adoption that is part of the permanent record of a court or maintained by the Department of Job and Family Services, an agency, or attorney, without the consent of the court."
 {¶ 13} Adoption records, such as those from which appellant's first assignment of error arises, are expressly cloaked in confidentiality by statute. This statutory confidentiality is qualified and can be modified with the consent of the court. R.C. 3107.17 vests the trial court with discretion in determining whether or not to preserve the confidentiality of adoption records.
 {¶ 14} It is well established that evidentiary rulings cannot be reversed absent an abuse of discretion. Cecilia R. v. Eddie M., 6th Dist. No. L-04-1044, 2005-Ohio-1676, at ¶ 14. An abuse of discretion connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219. As opined in relevant case law, the language utilized in R.C. 3107.17(B) expresses a clear legislative intent to grant the trial court discretion on the confidentiality of adoption records. The statute does not set forth any particular test to guide the courts in making these determinations. Thus, the trial court has complete discretion. Cochran v. Northeast OhioAdoption Services (Apr. 1, 1993), 11th Dist. No. 92-P-0063.
 {¶ 15} In its order granting the motion to quash, the trial court explained it was giving substantial consideration to public policy concerns on the impact of its ruling on future adoptions. The trial court notes its commitment not to creating a "chilling effect" on future adoptions of troubled children. The trial court clearly gave determinative weight to this public policy concern.
 {¶ 16} The proper purview of review by this court is whether the trial court abused its discretion, granted by R.C. 3107.17, in affirming the confidentiality of the adoption records. Given the preeminent public policy concern of not discouraging future adoptions of troubled youth, we cannot say the trial court's attitude was unreasonable or unconscionable. On the contrary, the trial court expressly ruled in such a way to preserve the greater public good. There was no abuse of discretion. Appellant's first assignment of error is found not well-taken.
 {¶ 17} In its second assignment of error, appellant contends the trial court improperly relied upon Carol F.'s testimony regarding Daisy's attachment issues in reaching its decision. In support, appellant argues that Carol F. was not qualified to tender the disputed testimony. Appellant summarily concludes the trial court's reference in its decision to the disputed testimony somehow evinces improper reliance upon it.
 {¶ 18} In formulating its second assignment of error, appellant prefaces its argument on one select sentence from the trial court's 17 page opinion. Appellant argues the court's improper reliance can be construed from its notation in its opinion that "Carol F. [sic] testified that she has thoroughly studied this disorder, and is convinced that Daisy has had it since infancy." The trial court has thoroughly reviewed the record and finds, when read in its full context, the record demonstrates no undue reliance by the trial court.
 {¶ 19} What the trial court actually stated was "the parties disagree as to whether or not Daisy has attachment disorder, with DJFS asserting that Daisy does not and has never had this disorder, and Pete and Carol F. [sic] asserting that Daisy had this disorder at the time they adopted her." Clearly, the trial court simply acknowledged conflicting views on the issue. There is simply no evidence the court improperly weighed Carol F.'s view in reaching its ultimate determination.
 {¶ 20} Decisions pertaining to the admission and exclusion of evidence are vested squarely within the discretions of the trial court. An appellate court is not permitted to second guess the actions of the trial court, and must limit its review to an analysis of whether the disputed decision constituted an abuse of discretion. Habegger v. Paul, 6th Dist. No. WD-03-038, 2004-Ohio-2215, at ¶ 14. We find that appellant's assertion that the trial court improperly allowed and relied on the testimony of Carol F. in reaching its determination is inaccurate and without merit. Appellant's second assignment of error is found not well-taken.
 {¶ 21} In its third assignment of error, appellant contends the trial court erred in its decision not to order child support payments from the adoptive parents. In support, appellant goes to great lengths through direct allegations and innuendo to blame Pete and Carol F. for the failed adoption.
 {¶ 22} R.C. 2151.361 explicitly grants the trial court discretion on whether adoptive parents must pay child support. It states, "The juvenile court, at its discretion, may issue a order pursuant to chapters 3119, 3121, 3123, and 3125 of the revised code requiring that parents pay for the care, support, maintenance, and education of the child if the parents adopted the child." The statute goes on to delineate seven non-exclusive factors for the court to consider in its analysis. The court is free to consider and weigh factors not encompassed in the statutory list.
 {¶ 23} In reaching its decision, the trial court unequivocally revealed its public policy concerns as a determinative factor. The trial court decision detailed its "significant" concern that it not create a "chilling effect" on future adoptions of children with behavioral problems.
 {¶ 24} The trial court feared that compelling child support payments from adoptive parents poses an inevitable risk of discouraging future adoptions in Ohio. This is particularly true when the adoption failed largely as a result of the adopted child posing a risk of physical and sexual harm to biological children residing in the home.
 {¶ 25} R.C. 2151.361 expressly grants the trial court full discretion on whether or not to order child support from adoptive parents. Based upon the record, we cannot find the trial court's decision unconscionable or unreasonable. The trial court was within its proper scope of discretion in heavily weighing serious public policy concerns in tendering its decision. Appellant's third assignment of error is found not well-taken.
 {¶ 26} The judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment of the clerk's expense incurred it preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT AFFIRMED.
Handwork, J., Parish, J., concur.
Singer, P.J. Concurs in Judgment Only. Judge.