OPINION
{¶ 1} Defendant-appellant, Eva E., appeals the decision of the Madison County Court of Common Pleas, Juvenile Division, denying her motion to modify a prior custody order.
 {¶ 2} Plaintiff-appellee, Terry L., and appellant are the parents of J.L. who was born in September 1993. The parties were never married. By agreed entry filed in 2001 in the Franklin County Court of Common Pleas, Juvenile Division, custody of the child was granted to appellant and Terry was granted visitation. A year later, Terry filed a motion to reallocate *Page 2 
parental rights and responsibilities. In August 2004, the Franklin County Juvenile Court sustained Terry's motion and granted custody of the child to Terry and visitation to appellant. The case was subsequently transferred to the Madison County Juvenile Court (the "juvenile court") when appellant moved to West Jefferson, Ohio, where Terry lives.
 {¶ 3} In 2005, appellant filed several motions, including a "Motion to take Emergency Temperary Cousty on Child Endangerment," a "Motion for Emergency Cousty," and a "Motion for [an] In Camera Interview" of the child. (Sic). The juvenile court held a hearing on the motions in April 2006. Present at the hearing were appellant and her attorney and the attorney for the child. Neither Terry nor an attorney on his behalf appeared. On April 20, 2006, the juvenile court overruled appellant's motions as follows:
 {¶ 4} "[Appellant] presented three witnesses and also testified herself. A finding of fact and conclusions of law was not requested. The Court finds that the evidence presented does not support the granting of any of the motions under consideration. The Court finds that it was not shown, based on facts that have arisen since the prior decree and that were unknown to the Court at the time of the prior decree, that a change has occurred in the circumstances of the child or the child's residential parent. The Court further finds that modification is not necessary to serve the best interest of the child. * * * The Court finds that the child has been subjected to a prolonged, litigious custody campaign by her mother, and it would be contrary to her best interest to require her to appear in Court. The child's attorney indicated to the Court that the child's wishes were to have custody placed with the mother, however the Court believes that there has been so much pressure placed upon the child that the child's true feelings could not be determined at this point."
 {¶ 5} This appeal follows in which appellant raises five assignments of error.
 {¶ 6} Assignment of Error No. 1:
 {¶ 7} "THE TRIAL COURT ERRED IN RULING AGAINST THE MANIFEST WEIGHT *Page 3 
OF THE EVIDENCE WHEN IT ORDERED THE RETENTION OF THE FATHER AS THE MINOR CHILD'S SOLE RESIDENTIAL PARENT AND LEGAL CUSTODIAN."
 {¶ 8} Appellant argues that the juvenile court abused its discretion when it found that there was no change of circumstances warranting a reallocation of the parental rights and responsibilities.[1] Appellant asserts that three substantial changes have occurred in the circumstances of J.L. since Terry was awarded custody, to wit: (1) J.L. wants to live with appellant; (2) J.L. spends the majority of her time with appellant even though Terry is the residential parent; and (3) J.L. is no longer at risk of failing and her grades have improved now that she lives the majority of the time with appellant. Appellant further argues that the juvenile court abused its discretion when it failed to consider the factors listed in R.C. 3109.04(F) (1 ) to determine the best interest of the child.
 {¶ 9} A trial court's order allocating parental rights and responsibilities will not be reversed on appeal absent an abuse of discretion. Daw's v. Flickinger, 77 Ohio St.3d 415, 416-417,1997-Ohio-260. Abuse of discretion implies that the court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. The appellate court must keep in mind that the trial court is better equipped to examine and weigh the evidence, determine the credibility of the witnesses, and make decisions concerning custody. See Sheard v. Sheard (Dec. 20, 1999), Butler App. No. CA99-06-115.
 {¶ 10} R.C. 3109.04(E)(1)(a) governs the modification of a prior order allocating parental rights and responsibilities, and provides that "[t]he court shall not modify a prior decree allocating parental rights and responsibilities for the care of the children unless it *Page 4 
finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, [or] the child's residential parent, * * * and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree * * *, unless a modification is in the best interest of the child and [as applicable to the case at bar] [t]he harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child." R.C. 3109.04(E)(1)(a)(iii).
 {¶ 11} When applying the statute, a trial court "may not modify a prior decree allocating parental rights and responsibilities unless itfirst finds that a change has occurred in the circumstances of the child or the child's residential parent; and then, upon further inquiry, the court finds that the modification is in the child's best interest."Weisberg v. Sampson, Portage App. No. 2005-P-0042, 2006-Ohio-3646, ¶ 42
(emphasis sic). Thus, the trial court proceeds to a best interest analysis only after the court has determined that there was a change in circumstances. Id.
 {¶ 12} The purpose of requiring a finding of a change in circumstances is to prevent a constant relitigation of issues which have already been determined by the trial court. Clyborn v. Clyborn (1994),93 Ohio App.3d 192, 196. The change must be "a change of substance, not a slight or inconsequential change." Flickinger, 77 Ohio St.3d at 418. In determining whether a change in circumstances has occurred, a trial judge, as the trier of fact, must be given wide latitude. Id. at paragraph two of the syllabus.
 {¶ 13} Upon thoroughly reviewing the record, we cannot say that the juvenile court's finding that there was no substantial change of circumstances was arbitrary, unreasonable, or unconscionable. We therefore find that the juvenile court did not abuse its discretion. Because there was no such change, the juvenile court was not required to proceed to a best *Page 5 
interest determination, and thus, was not required to consider the factors listed in R.C. 3109.04(F) (1 ). Appellant's first assignment of error is overruled.
 {¶ 14} Assignment of Error No. 2:
 {¶ 15} "THE TRIAL COURT ERRED IN NOT GIVING DUE CONSIDERATION TO THE MOTHER'S STATUS AS PRIMARY CAREGIVER."
 {¶ 16} Appellant argues that the juvenile court's failure to consider her status as J.L.'s primary caregiver was an abuse of discretion. Appellant asserts that the role of a child's primary caregiver and the child's interaction and interrelationship with his parents (see R.C.3109.04[F][1][c]) are relevant factors in fashioning a custody award. In support of her argument, appellant cites Kelly v. Kelly, Miami App. No. 2001-CA-52, 2002-Ohio-1204, as well as two decisions from this court,Biller v. Biller (Mar. 12, 1990), Clermont App. No. CA89-05-036, andBerry v. Berry (Mar. 12, 1990), Clermont App. No. CA88-11-081.
 {¶ 17} Although it is not a codified factor under R.C. 3109.04(F) (1 ), Ohio courts have held that a party's role as the primary caregiver is nevertheless a relevant factor when determining the best interest of the child. Rosebrugh v. Rosebrugh, Ashtabula App. No. 2002-A-0002, 2003-Ohio-4595, ¶ 44. This factor is, however, not given presumptive weight over other relevant factors. Id.
 {¶ 18} We note that the decisions cited by appellant in support of her argument are not applicable to the case at bar. Unlike the case at bar,Biller and Berry involved an initial custody award which is based upon a child's best interest. As noted under the first assignment of error, because it found no change in circumstances, the juvenile court was not required to address the child's best interest. Kelly, in turn, involved the termination of a shared parenting decree, not a reallocation of parental rights and responsibilities. As the appellate court stated inKelly, after terminating a shared parenting decree, custody is to be *Page 6 
determined as if making an initial custody determination.
 {¶ 19} We further note that some Ohio appellate courts have questioned whether the primary caregiver doctrine applies in the context of custody modification proceedings. As the Sixth Appellate District stated: "[W]hich parent has provided the primary care for a child during a marriage may be considered, during an initial custody proceeding as a relevant factor in determining the best interest of the child. However, upon a motion to modify custody, R.C. 3109.04(E)(1)(a) creates a presumption in favor of retaining the current residential parent. Thus, it appears that consideration of the primary caregiver as a factor in a modification proceeding is redundant and creates an even greater bias against custody modifications." In re Roth (June 6, 1994), Lucas App. No. L93-035, 1994 WL 262507, at *4 (citations omitted); see, also,Holm v. Smilowitz (1992), 83 Ohio App.3d 757.
 {¶ 20} In the case at bar, because findings of fact and conclusions of law were not requested, there is no evidence as to whether the juvenile court considered or not appellant's role as J.L.'s primary caregiver. Based upon the record before us, we cannot say that the trial court's attitude was so arbitrary, unreasonable, or unconscionable as to amount to an abuse of discretion. We therefore find that any alleged failure of the juvenile court to give effect to appellant's role as the primary caregiver was not error. Appellant's second assignment of error is overruled.
 {¶ 21} Assignment of Error No. 3:
 {¶ 22} "THE TRIAL COURT ERRED IN DENYING [EVA'S] MOTION FOR IN CAMERA INTERVIEW."
 {¶ 23} Appellant argues that once she requested an in camera interview of J.L., the juvenile court was required under R.C.3109.04(B)(1) and this court's decision in Naegel v. Naegel (Jan. 31, 1994), Clermont App. No. CA93-06-041, to interview J.L. We disagree.
 {¶ 24} R.C. 3109.04(B) (1 ) provides that "[w]hen making the allocation of the parental *Page 7 
rights and responsibilities for the care of the children under this section in an original proceeding or in any proceeding for modification of a prior order of the court making the allocation, the court shall take into account that which would be in the best interest of the children. In determining the child's best interest for purposes of making its allocation of the parental rights and responsibilities for the care of the child * * *, the court, in its discretion, may and, upon the request of either party, shall interview in chambers any or all of the involved children regarding their wishes and concerns with respect to the allocation."
 {¶ 25} In Naegel, the mother asked the trial court to interview the parties' children in chambers. The trial court denied the request and awarded custody of the children to the father. This court reversed the trial court's denial of the request, stating: "In our view, the language of R.C. 3109.04(B) (1 ) is clear and unambiguous and should be applied as written. R.C. 3109.04(B) (1 ) states that upon the request of either party, the court shall interview the children in chambers. The use of the word `shall' denotes that compliance with the commands of the statute is mandatory. Accordingly, since [the mother] asked the court to interview the children, the court was obligated to do so."Naegel, Clermont App. No. CA93-06-041, at 5-6 (citation omitted).
 {¶ 26} Unlike the case at bar, Naegel involved an initial custody award, not a reallocation of parental rights and responsibilities. R.C.3109.04(B)(1) requires a trial court to conduct an in camera interview upon a party's request when the court is determining the child's bestinterest. We find that the juvenile court did not err by failing to conduct an in camera interview of the child. Because the juvenile court did not find a change of circumstances, it did not need to address the child's best interest, and thus, was not required to conduct an in camera interview of J.L. See Guess v. Springer, Hamilton App. No. C-010348, 2001-Ohio-4015; Riggle v. Riggle, Wayne App. No. 01CA0012, 2001-Ohio-1376. Appellant's third assignment of error is overruled. *Page 8 
 {¶ 27} Assignment of Error No. 4:
 {¶ 28} "THE TRIAL COURT ERRED IN FAILING TO WEIGH J.L.'S WISHES AND CONCERNS AS A FACTOR IN DETERMINING CUSTODY."
 {¶ 29} In support of this assignment of error, appellant cites to R.C.3109.04(B)(2)(b) and (F) (1 )(b) which both address a trial court's obligation to determine a child's wishes and concerns. We find that the juvenile court did not err by failing to weigh J.L.'s wishes and concerns because under R.C. 3109.04(B), such determination is made only when determining the child's best interest. Nusbaumer v. Cherry (Apr. 26, 1999), Stark App. No. 1998CA00243, 1999 WL 254489, at *5. Because the juvenile court did not find a change of circumstances, it did not need to make a best interest determination, and thus, was not required to determine the child's wishes and concerns. Id. Appellant's fourth assignment of error is overruled.
 {¶ 30} Assignment of Error No. 5:
 {¶ 31} "THE TRIAL COURT ERRED IN AWARDING CUSTODY TO THE FATHER WHO FAILED TO APPEAR BEFORE THE COURT DURING THE CUSTODY HEARING."
 {¶ 32} Appellant argues that the juvenile court's failure to award custody of the child to her was an abuse of discretion in light of Terry's disregard for J.L.'s best interest as evidenced by his failure to attend the hearing. We cannot state that the juvenile court's denial of appellant's motion to reallocate parental rights and responsibilities was so unreasonable, arbitrary, or unconscionable as to amount to an abuse of discretion simply because Terry failed to attend the hearing. In light of our holding under the first assignment of error, appellant's fifth assignment of error is overruled.
 {¶ 33} Judgment affirmed.
WALSH and POWELL, JJ., concur.
[1] We note that although the assignment of error argues that the juvenile court's decision was against the manifest weight of the evidence, appellant does not argue the issue in her analysis under the assignment of error. We will therefore not address it. *Page 1