OPINION
{¶ 1} Defendant-appellant, Joseph Grant ("father"), appeals a Warren County Court of Common Pleas decision denying the proposed modification of a shared parenting agreement between father and plaintiff-appellee, Kathy Adkins ("mother"). We affirm the trial court's decision.
 {¶ 2} In 2003, father and mother entered into a shared parenting plan regarding their parental rights and responsibilities concerning their minor children, Tiffany and Steffany Grant, *Page 2 
then both two years old. The trial court ordered both parents to be the residential parent of the children when the children resided with either parent based on a two-week schedule. Each parent had the children for approximately equal amounts of time.
 {¶ 3} In December 2005, father filed a motion to modify the shared parenting plan, seeking the designation of sole residential parent. In January 2006, mother moved for an increase in child support. The magistrate held two hearings on the motions, one on March 16, 2006, and the other on May 5, 2006. On June 15, 2006, the magistrate issued a decision and found no change in circumstance sufficient to modify the shared parenting agreement regarding the allocation of parental rights and responsibilities of the children. The magistrate also increased father's child support obligation.
 {¶ 4} Mother filed an objection to the magistrate's ruling on child support, arguing that it was too low. Father also filed an objection to the ruling, asking the court to overrule the magistrate's decision regarding father's request to modify the shared parenting agreement. The trial court overruled the objections and adopted the magistrate's decision. Father now appeals, raising one assignment of error.
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION WHEN IT DENIED [FATHER'S] MOTION TO MODIFY THE SHARED PARENTING AGREEMENT."
 {¶ 7} A trial court has broad discretion to modify a shared parenting agreement. Tener v. Tener-Tucker, Warren App. No. CA2004-05-061,2005-Ohio-3892, at ¶ 18 (citing Dobran v. Dobran, Mahoning App. No. 02 CA 14, 2003-Ohio-1605, at ¶ 14). Absent an abuse of discretion, an appellate court will not disturb a trial court's decision regarding the parental rights and responsibilities. Donovan v. Donovan (1996),110 Ohio App.3d 615, 618. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), *Page 3 5 Ohio St.3d 217, 219.
 {¶ 8} Pursuant to R.C. 3109.04(E)(1)(a), a court may not modify parental rights and responsibilities, including custody and visitation, as set forth in an agreed shared parenting plan unless (1) a change in the circumstances of the children has occurred, and (2) such modification is in the best interest of the children. See Schoettle v.Bering (Apr. 22, 1996), Brown App. No. CA95-07-011; CD. v. D.L., Fayette App. No. CA2006-09-037, 2007-Ohio-2559, at ¶ 15.[1] The trial court, as the trier of fact, has wide latitude when making a finding that a change in circumstances has occurred. Terry L. v. Eva E., Madison App. No. CA2006-05-019, 2007-Ohio-916, at ¶ 12. A change in circumstances must be "a change of substance, not a slight or inconsequential change."Davis v. Flickinger, 77 Ohio St.3d 415, 418, 1997-Ohio-260. The change must have a material effect on the child. In re: Tolbert v.McDonald, Allen App. No. 1-05-47, 2006-Ohio-2377, at ¶ 31.
 {¶ 9} Once the court determines that a change in the children's circumstances has occurred, it must decide whether a modification of the shared parenting plan is in the children's best interest. See Bauer v.Bauer, Clermont App. No. CA2002-10-083, 2003-Ohio-2552, at ¶ 27 (finding that the court need not reach the inquiry as to the child's best interest after determining that no change in circumstances occurred); see also Fisher v. Campbell (June 23, 1997), Butler App. No. CA96-11-248. In determining the children's best interest and whether a modification of the shared parenting agreement suits that interest, a trial court must consider the factors set forth in R.C.3109.04(F)(1)(a)-(j) and R.C. 3109.04(F)(2)(a)-(e) *Page 4 
respectively.
 {¶ 10} In its decision, the trial court quoted R.C. 3109.04(E)(1)(a), but later stated, "the [c]ourt may modify or terminate a shared parenting plan if the same serves a child's best interests without regard to a change in circumstances pursuant to [R.C. 3109.04(E)(2)(b) and (c)] respectively." The court then analyzed the facts and discussed the children's best interest only. Because father moved the court to modify the shared parenting plan in regard to his parental rights and responsibilities, however, the trial court should have analyzed the facts and made its decision pursuant to R.C. 3109.04(E)(1)(a), which includes a preliminary inquiry as to whether a change in the children's circumstances has occurred. See Schoettle; Bauer. Even though the court did not determine whether a change in the children's circumstances had occurred, the result does not change in this case because the court found that a modification was not in the children's best interest.
 {¶ 11} The court found that "Mother's home environment is chaotic," noting that within a period of one year, approximately 10 police calls were made to her residence, most of them regarding another son, Jonathan. The court also determined that because neither of mother's other children had good school attendance, the court was concerned that mother would not ensure the school attendance for Tiffany and Steffany. The court also mentioned that when the girls are staying at mother's residence, seven people reside in the apartment.
 {¶ 12} On the other hand, the court found that father "permits the girls to engage in activities that present dangers to them," noting that photographs show that father permitted the girls to play on a ladder and inside the clothes dryer. The court also noted that father permits the girls to accompany him to construction work sites, "which contain multiple hazards." The court further noted that on multiple occasions, while in father's custody, Tiffany and Steffany did not attend their preschool program. The court determined that this also raised concerns about father ensuring their school attendance. Finally, the court explained *Page 5 
that although father has greater financial and material resources than mother, it would not consider that as a factor in support of modifying the shared parenting agreement, pursuant to R.C. 3109.04(F)(3).
 {¶ 13} The court found the evidence indicated that each parent had legitimate concerns regarding the other's parenting of the children. But, the court ultimately decided that despite this evidence, modifying the shared parenting plan was not in the best interest of the children. The court found that despite their problems with each other, mother and father worked cooperatively in implementing the shared parenting plan. Because the court considered the factors and decided that it was in the children's best interest not to modify the existing shared parenting plan, the result would have been the same regardless of whether the court had made an inquiry into any change in circumstances that would warrant a modification.
 {¶ 14} The court's decision to continue the existing shared parenting agreement was not arbitrary, unreasonable, or unconscionable. Accordingly, father's sole assignment of error is overruled.
 {¶ 15} Judgment affirmed.
WALSH and POWELL, JJ., concur.
[1] We recognize the split in authority regarding which section of the statute, R.C. 3109.04(E)(1)(a) or R.C. 3109.04(E)(2)(b), applies to modifications of parental rights and responsibilities in the context of shared parenting plans. The Third District has thoroughly discussed the split among districts in Fisher v. Hasenjager, 168 Ohio App. 3d 321,2006-Ohio-4190, at ¶ 29-35. The Ohio Supreme Court is presently considering the matter on review of an order certifying a conflict addressing the following issue: "Is a change in the designation of residential parent and legal custodian of children a `term' of a court approved shared parenting decree, allowing the designation to be modified solely on a finding that the modification is in the best interest of the children pursuant to R.C. 3109.04(E)(2)(b) and without a determination that a `change in circumstances' has occurred pursuant to R.C. 3109.04(E)(1)(a)?" Fisher v. Hasenjager, 112 Ohio St.3d 1404,2006-Ohio-6447 (Table). *Page 1