OPINION
{¶ 1} Appellant-mother, Lori Sullivan, appeals the decision of the Madison County Court of Common Pleas, Juvenile Division, ordering her to pay child support for her adoptive child, T.S., who was placed in the care of the Madison County Department of Job and Family Services, Division of Children Services ("Children Services"). *Page 2 
 {¶ 2} Appellant is a single adoptive mother of six children. Her children range from eight to 15 years of age and come from a variety of national, ethnic, and racial backgrounds. Appellant adopted the child at issue in this case, T.S., on March 3, 2002.
 {¶ 3} T.S. was born in Ethiopia, and little is known about her life before her rescue by an international aid organization. Her actual age is unknown. At the time of her rescue, she was severely malnourished and physically and emotionally scarred. Prior to her removal, T.S. had been in appellant's home for seven years. During that time, appellant sought mental health counseling for T.S. for several diagnosed disorders.
 {¶ 4} On January 23, 2006, appellant filed an unruly complaint against T.S. On February 6, 2006, T.S. was found to be a delinquent/unruly child and placed on reporting probation. On February 23, 2006, T.S.'s probation officer filed a probation violation.
 {¶ 5} On June 9, 2006, appellant filed a complaint alleging that T.S. was a dependent child and filed a motion for the immediate review and removal of the child.
 {¶ 6} The juvenile court held an adjudication of the dependency on June 19, 2006. The dependency claim was dismissed, and through the open delinquent/unruly case, Children Services agreed to remove T.S. from appellant's care. The juvenile court then ordered T.S. to be placed in the care of Children Services and ordered the Madison County Child Support Enforcement Agency ("CSEA") to do an investigation with respect to child support.
 {¶ 7} After the CSEA completed its investigation, the trial court, through an entry, ordered appellant to pay child support in the amount of $1,215.26 per month. Appellant then filed a motion requesting that the court review the child support order. After a hearing, the court affirmed the child support order. Appellant then moved for a new trial, which the court denied. Thereafter, appellant timely appealed, raising three assignments of error. *Page 3 
 {¶ 8} Assignment of Error No. 1:
 {¶ 9} "THE TRIAL COURT ERRED BY NOT MAKING STATUTORILY REQUIRED CONSIDERATIONS BEFORE ORDERING CHILD SUPPORT. THE TRIAL COURT INSTEAD ACCORDED THE CALCULATIONS OF THE CHILD SUPPORT ENFORCEMENT AGENCY WHICH DID NOT CONSIDER THE R.C. 2151.361 FACTS AND WHICH WERE IMPROPERLY MADE A PRESUMPTION OF CORRECTNESS."
 {¶ 10} Within her first assignment of error, appellant presents two issues for review. First, she argues that R.C. 2151.361 mandates consideration of adoption-related issues before setting a child support amount, and that the trial court failed to consider the statute before adopting the CSEA's child support determination. Second, she argues that the juvenile court failed to consider all relevant factors when calculating the amount of child support under R.C. 3119.23(P).
 {¶ 11} We first address appellant's argument that the court failed to consider the requisite statutory factors in establishing child support. Generally, decisions regarding child support lie within the trial court's sound discretion, and an appellate court will not reverse the trial court's decision absent an abuse in discretion. Pauly v.Pauly (1997), 80 Ohio St.3d 386, 390; Byrd v. Knuckles, Clermont App. No. CA2006-11-095, 2007-Ohio-4541. The court's discretion is not unfettered, however. "The statutory child support guidelines are mandatory and must be followed literally and technically in all material respects." Sapinsley v. Sapinsley, 171 Ohio App.3d 74, 78, 007-Ohio-1320, at ¶ 8, citing Marker v. Grimm (1992), 65 Ohio St.3d 139, paragraph two of the syllabus.
 {¶ 12} Section 2151.361 of the Ohio Revised Code deals with the financial consequences of a disrupted adoption for adoptive families. Specifically, R.C. 2151.361(A) provides that if the parents of a child enter into an agreement with a public children services agency for placement of the child into the temporary custody of that agency, the juvenile *Page 4 
court, at its discretion, may issue an order requiring that the parents pay for the care, support, maintenance, and education of the child, pursuant to Chapters 3119, 3121, 3123, and 3125, if the parents adopted the child.
 {¶ 13} When determining whether to issue a child support order under R.C. 2151.361(A), R.C. 2151.361(B) provides that the juvenile court "shall consider all pertinent issues" and lists seven non-exclusive factors to consider: (1) the parents' ability to pay for the child's care, (2) the chances of reunification of the parents and child, (3) whether the order would encourage or undermine the reunification of the parents and child, (4) whether the problem underlying the agreement to place the child into custody existed prior to the parents' adoption of the child and whether the parents were informed of the problem, (5) whether the problem began after the parents' adoption of the child, (6) whether the parents have contributed to the child's problems, and (7) whether the parents are part of the solution to the child's problems. (Emphasis added).
 {¶ 14} Therefore, the legislation makes it clear that although juvenile judges have discretion in determining whether to issue an order requiring adoptive parents to pay for the care, support, maintenance, and education of a child placed into children services, the court must consider the non-exclusive factors listed in R.C. 2151.361(B) prior to making that determination. See Wood Cty. Dept. of Job Family Serv. v.Pete F., Wood App. No. WD-05-023, 2005-Ohio-6006.
 {¶ 15} In this case, the state argues that because appellant failed to object when the juvenile court could have considered it, appellant should be barred from asserting her argument on appeal. Furthermore, the state contends that because appellant failed to request the court make findings of fact, and because appellant presents no evidence that the trial court did not consider these factors when making its determination, she cannot argue that the court did not review the factors in R.C. 2151.361. In support of its argument, the *Page 5 
state points to this court's decision in Terry L. v. Eva E., Madison App. No CA2006-05-19, 2007-Ohio-916, at ¶ 20.
 {¶ 16} In Terry L, a mother challenged the trial court's decision denying her motion to modify a prior custody order and argued that the court erred in failing to consider her status as the primary caregiver. We held that "because findings of fact and conclusions of law were not requested, there is no evidence as to whether the juvenile court considered or not, [the mother's] role as [the child's] primary caregiver. Based on the record before us, we cannot say that the trial court's attitude was so arbitrary, unreasonable, or unconscionable as to amount to an abuse of discretion." Terry L., 2007-Ohio-916 at ¶ 20.
 {¶ 17} As Terry L. concerned the applicability of a nonstatutory factor, however, we find it inapplicable here. Id. at ¶ 16-19. In this case, appellant asserts that the court failed to consider R.C. 2151.361, which includes a provision that requires a juvenile court to consider the enumerated factors prior to determining whether a child support order is warranted. As stated, child support guidelines must be followed literally and technically in all material respects, and as such, a court must make the findings required by the child support statute. SeeSapinsley, 2007-Ohio-1320 at ¶ 28 (holding that the trial court abused its discretion by failing to follow the statutory procedures and make the findings required by the child support statutes R.C. 3119.23 and3119.24 when it was clear from the record that the court made a determination without hearing evidence on the appropriateness of the child support deviation).
 {¶ 18} In the case at bar, it is clear from the record that the juvenile court did not make a determination under R.C. 2151.361 before issuing a child support order. The court, in its entry filed after the temporary custody hearing held on June 19, 2006, ordered that T.S. be placed in temporary custody of Children Services, and ordered that the CSEA perform a financial investigation as to child support. In a later entry dated July 27, 2006, the court *Page 6 
ordered that appellant pay Children Services for the support of T.S. and issued a support entry consistent with the recommendation of the CSEA. Upon the hearing regarding appellant's motion for review of the case plan and reconsideration of the child support amount, the court issued an entry denying appellants motion to deviate from the child support order and stated that it had considered "the factors provided by Revised Code Section 3119.23." Finally, after appellant's "motion for new trial/reconsideration," the court discussed the factors under R.C.3119.23 at length and determined that the child support amount ordered was not unjust or inappropriate. Nowhere in the record, however, does the court state that it ever considered R.C. 2151.361 prior to making a determination that appellant be ordered to pay child support, despite the language in the statute requiring the court to do so.
 {¶ 19} Although a juvenile court has discretion in determining whether to order adoptive parents to pay for the support of the child placed into children services, the court must consider the non-exclusive factors listed in R.C. 2151.361(B) prior to making that determination. Consequently, we find that the trial court erred when it failed to consider R.C. 2151.361 as a threshold matter prior to ordering appellant to pay for the support of her child, T.S., who was placed into Children Services.
 {¶ 20} Appellant's remaining arguments, including her second and third assignments of error, concern the amount of child support ordered by the juvenile court and therefore are rendered moot in light of our determination that the court erred when it ordered child support without considering the factors set forth in 2151.361.
 {¶ 21} The trial court's decision ordering appellant to pay child support is reversed, and the case is remanded for further proceedings consistent with this opinion.
 BRESSLER, P.J. and WALSH, J., concur. *Page 1