[Cite as *Wright v. Wright*, 2018-Ohio-1451.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| BRIAN J. WRIGHT, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2017-G-0118** |
| ELIZABETH D. WRIGHT, | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Geauga County Court of Common Pleas.
Case No. 2015 DC 00120.

Judgment: Affirmed.

*Adam M. Van Ho*, 10 West Streetsboro Road, Suite 205, Hudson, OH 44236 (For Plaintiff-Appellant).

*Dominic M. Antonelli* and *Kristen A. Crane*, Rieth Antonelli & Raj, 1406 West Sixth Street, Suite 200, Cleveland, OH 44113 (For Defendant-Appellee).

TIMOTHY P. CANNON, J.

{¶1} Appellant, Brian J. Wright, appeals from the April 17, 2017 judgment of the Geauga County Court of Common Pleas, approving and adopting the magistrate's December 23, 2016 decision. For the following reasons, the judgment of the trial court is affirmed.

{¶2} On February 13, 2015, appellant filed a complaint for divorce from appellee, Elizabeth D. Wright. Regarding their two minor children, appellant requested a shared parenting plan or that he be designated the residential parent. Appellee filed

an answer and counterclaim and requested that she be designated the residential parent.

{¶3} The trial court issued temporary orders, and the parties entered into a Divorce Settlement Agreement, which addressed all matters related to debt and personal property. Neither party filed a shared parenting plan pursuant to R.C. 3109.04(A)(1) & (G).

{¶4} On April 26, 2016, the parties appeared before the magistrate to resolve the issues of child custody, child support, and tax dependency exemptions. Appellant and appellee both testified at the hearing.

{¶5} On December 23, 2016, the magistrate filed a decision, which included findings of fact and conclusions of law. The magistrate considered the factors in R.C. 3109.04(F)(1). The magistrate determined that, although appellant "clearly loves his children, it does not appear he is prepared to have custody of the children." The magistrate concluded appellant appeared uncertain about his living arrangement; appellant failed to make an effort to find information about the children's events and activities; and that, after discontinuing their son's medication, there was no evidence appellant made an effort or plan to help their son deal with his ADD/ADHD. The magistrate further concluded that appellee selected a residence in a school district where the children are already involved in activities and have friends; appellee took the initiative to work with their son's school to develop a plan to address his challenges; and appellee had the children involved in activities and knew their friends. Based on her findings and conclusions, the magistrate recommended that appellee should have custody of the children. The decision included a schedule for appellant's parenting time. Further, the magistrate recommended that appellant should pay child support to

appellee and that appellee should be entitled to claim the children as exemptions for income tax purposes.

{¶6} Both parties filed objections to the magistrate's decision. On April 17, 2017, the trial court approved and adopted the magistrate's decision, stating it had "reviewed the Magistrate's Decision, the Objections and Supplemental Objections, the transcript of the April 26, 2016, hearing and the exhibits admitted into evidence."

{¶7} Appellant filed a notice of appeal. He asserts two assignments of error on appeal:

> [1.] The trial court abused its discretion when it granted appellee custody, [severely] limited [father]-appellant's parenting time and ordered father to pay extracurricular activities in addition to child support.
>
> [2.] The trial court erred when it issued contradictory orders regarding which party could claim the children for tax purposes.

{¶8} The standard of review in custody cases is whether the trial court abused its discretion. *Brandt v. Brandt*, 11th Dist. Geauga No. 2012-G-3064, 2012-Ohio-5932, ¶11. An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting *Black's Law Dictionary* 11 (8th Ed.2004). "In determining whether the trial court has abused its discretion, a reviewing court is not to weigh the evidence, 'but must ascertain from the record whether there is some competent evidence to sustain the findings of the trial court.'" *Foxhall v. Lauderdale*, 11th Dist. Portage No. 2011-P-0006, 2011-Ohio-6213, ¶28, quoting *Clyborn v. Clyborn*, 93 Ohio App.3d 192, 196 (3d Dist.1994).

{¶9} Under his first assignment of error, appellant argues the trial court abused its discretion when it designated appellee the residential parent, ordered a limited

3

parenting schedule for appellant, and ordered that appellee would have final decision making authority in medical decisions for the children.

{¶10} In a divorce with minor children where a parent has filed a motion requesting shared parenting but has not filed a shared parenting plan, "the court, in a manner consistent with the best interest of the children, shall allocate the parental rights and responsibilities for the care of the children primarily to one of the parents, designate that parent as the residential parent and the legal custodian of the child, and divide between the parents the other rights and responsibilities for the care of the children[.]" R.C. 3109.04(A)(1). In allocating parental rights and responsibilities, the trial court must determine that which would be the best interest of the children. R.C. 3109.04(B)(1). In determining the best interest of the children, R.C. 3109.04(F)(1) states the trial court "shall consider all relevant factors" and provides a non-exhaustive list of factors.

{¶11} Depending on the facts before the trial court, all factors may not carry the same weight or have the same relevance. *Brammer v. Brammer*, 3d Dist. Marion No. 9-12-57, 2013-Ohio-2843, ¶41. The trial court has discretion to determine which factors under R.C. 3109.04(F)(1) are relevant. *Id.*, citing *Hammond v. Harm*, 9th Dist. Summit No. 23993, 2008-Ohio-2310, ¶51. The court is not limited to the factors listed in the statute and may consider any other relevant factors in determining the best interest of the children. *Id.* (citation omitted).

{¶12} Here, the record reflects the court considered the relevant factors under R.C. 3109.04(F)(1), along with other applicable factors, including the parties' knowledge of their children's friends and activities. The court's findings are supported by the record.

4

{¶13} Appellant maintains there was testimony supporting his argument that he should have been designated the residential parent and supporting a different visitation schedule. However, "[t]he appellate court must keep in mind that the trial court is better equipped to examine and weigh the evidence, determine the credibility of the witnesses, and make decisions concerning custody." *Terry L. v. Eva E.*, 12th Dist. Madison No. CA2006-05-019, 2007-Ohio-916, ¶9 (citation omitted). Because we conclude the record contains evidence to support the trial court's findings, we cannot say the trial court abused its discretion in its determination of the residential parent, the parenting schedule, and who would make final medical decisions for the children.

{¶14} Appellant further argues the trial court abused its discretion in ordering appellant to pay a "large percentage of the children's extracurricular activities in addition to child support." Appellant maintains there were no limits placed on appellee's ability to enroll the children in extracurricular activities. Regarding the children's extracurricular activities, the trial court's judgment entry states: "[Appellant] shall pay 43% of the children's activity fees and related expenses for those activities upon which the parties agreed for purposes of the temporary order plus any additional activities upon which the parties agree." The trial court's order clearly states, as a limitation, appellant shall pay that portion of expenses for activities upon which both parties agree. Appellant's argument is not well taken.

{¶15} Appellant's first assignment of error is without merit.

{¶16} Under his second assignment of error, appellant maintains that "prior to the [April 26, 2016] hearing, the parties agreed that the tax deductions for the children would be split with each parent claiming one child. Subsequently * * * the Court granted Appellee the ability to claim both children for tax purposes."

5

**{¶17}** The trial court's judgment entry states: "[Appellee] shall be entitled to claim the children as exemptions for income tax purposes, until further order of the court." The Divorce Settlement Agreement does not contain any provision that contradicts this order. Appellant has failed to direct this court to any portion of the record that contradicts this order, and this court declines to scour the record in support of evidence to support his argument. *See State v. Wharton*, 9th Dist. Summit No. 23300, 2007-Ohio-1817, ¶43.

**{¶18}** Additionally, at oral argument, appellant acknowledged there was no contradictory order. He instead argued the trial court's decision regarding the tax exemptions was an abuse of discretion because it was not in the best interest of the children. This argument was not raised in appellant's brief, and he has provided no citation to law or the record in support. *See* App.R 15(A)(7). We, therefore, decline to consider this issue. *See* App.R. 12(A)(2); *see also Harris v. Nome*, 9th Dist. Summit No. 21071, 2002-Ohio-6994, ¶14 and *Andreyko v. Cincinnati*, 1st Dist. Hamilton No. C-020606, 2003-Ohio-2759, ¶20 ("An issue raised during oral argument for the first time and not assigned as error in an appellate brief is waived.").

**{¶19}** Appellant's second assignment of error is without merit.

**{¶20}** For the foregoing reasons, the judgment of the Geauga County Court of Common Pleas is affirmed.


DIANE V. GRENDELL, J.,

CYNTHIA WESTCOTT RICE, J.,

concur.