[This decision has been published in *Ohio Official Reports* at 97 Ohio St.3d 276.]

THE STATE EX REL. MAYER, PROS. ATTY., APPELLANT, *v.* HENSON, JUDGE, ET AL., APPELLEES.

[Cite as *State ex rel. Mayer v. Henson*, 2002-Ohio-6323.]

*Mandamus sought to compel common pleas court judge to vacate his nunc pro tunc entry involving relator and reinstate relator's 1983 sentence—Prohibition—Writ prohibiting common pleas court judge from exercising further jurisdiction to enforce his nunc pro tunc entry or taking other action regarding relator's sentence—Court of appeals' dismissal of complaint reversed and cause remanded for further proceedings.*

(No. 2002-0761—Submitted September 24, 2002—Decided December 4, 2002.)

APPEAL from the Court of Appeals for Richland County, No. 02-CA-23.

_____

**Per Curiam.**

{¶1} On August 4, 1976, the Franklin County Court of Common Pleas convicted appellee Donald Rust of rape and sentenced him to a prison term of 5 to 25 years. On August 16, 1976, the Ashland County Court of Common Pleas Court convicted Rust of rape, escape, and grand theft and sentenced him to an aggregate prison term of 8 to 30 years. The Franklin County and Ashland County sentences were ordered to be served concurrently by the Franklin County court.

{¶2} In May 1982, Rust was paroled, and in June 1983, he was declared a parole violator. On October 14, 1983, appellee Judge James D. Henson of the Richland County Court of Common Pleas convicted Rust of rape and sentenced him to a prison term of 4 to 25 years. Under the then existing version of R.C. 2929.41(B)(3), 140 Ohio Laws, Part I, 599, his new sentence was consecutive to the sentences reinstated for his parole violation, resulting in an aggregate prison

term of 12 to 55 years. The expiration of Rust's maximum aggregate sentence was September 11, 2030.

{¶3} On June 8, 2001, Judge Henson issued a nunc pro tunc entry modifying Rust's 1983 sentence to be served concurrently with his other sentences and giving Rust credit for time served from June 18, 1983, until the date of the entry. Judge Henson expressly stated that this decrease in Rust's aggregate sentence was necessitated by a change in policy of the Ohio Adult Parole Authority:

{¶4} "When this Court and this Judge originally sentenced the defendant on October 11, 1983, it was this Court's intention that the defendant serve between twelve (12) and fifteen (15) years in prison for the three separate cases for which he pled guilty. Given the rules and regulations of the Adult Parole Authority and their policies at the time the defendant was sentenced, *this Court felt that a 4-25 year sentence consecutive to those of Ashland and Franklin Counties would accomplish that purpose.*

{¶5} "However, *due to a change in policy of the Adult Parole Authority in giving inmates superflop apparently for its own purposes, the intent of the Court in its original sentence is being subverted.*

{¶6} "Therefore, IT IS ORDERED, ADJUDGED AND DECREED that the defendant's sentence in the within case is hereby ORDERED to be served *concurrent* to any other sentence of incarceration to [sic] which the defendant is serving and the defendant is given credit for time served from the 18th day of June 1983 to present." (Underlining sic; italics added.)

{¶7} Under Judge Henson's nunc pro tunc entry, the current maximum sentence expiration for Rust is June 11, 2002, instead of September 11, 2030.

{¶8} On March 19, 2002, appellant, Richland County Prosecuting Attorney James J. Mayer Jr., filed a complaint in the Court of Appeals for Richland County for a writ of mandamus or a writ of prohibition compelling Judge Henson to vacate his June 8, 2001 nunc pro tunc entry and reinstate Rust's valid 1983 consecutive

sentence. Mayer also sought to prohibit Judge Henson from exercising further jurisdiction to enforce the nunc pro tunc entry or taking other unauthorized action regarding Rust's sentence. In his complaint, Mayer specifically alleged that Judge Henson patently and unambiguously lacked jurisdiction to issue the nunc pro tunc entry modifying Rust's October 14, 1983 sentence and that his actions violated the separation-of-powers doctrine.

{¶9} On March 27, 2002, the court of appeals sua sponte dismissed the complaint because "relator had an adequate remedy by way of a[n] appeal for the matters raised through this extraordinary original action."

{¶10} In his appeal as of right, Mayer asserts that the court of appeals erred in dismissing sua sponte his complaint for writs of mandamus and prohibition.[1] For the reasons that follow, we hold that Mayer's argument is meritorious and reverse the judgment of the court of appeals.

{¶11} "*Sua sponte* dismissal without notice is appropriate only if the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint." *McAuley v. Smith* (1998), 82 Ohio St.3d 393, 395, 696 N.E.2d 572. Because the court of appeals did not give the parties prior notice of its intention to dismiss the complaint sua sponte and an opportunity to respond, we must determine whether Mayer's claims are frivolous or obviously meritless.

{¶12} Mayer alleged in his complaint that Judge Henson patently and unambiguously lacked jurisdiction to issue his nunc pro tunc entry and modify Rust's October 14, 1983 sentence. If a lower court patently and unambiguously lacks jurisdiction to proceed in a cause, prohibition and mandamus will issue to prevent any future unauthorized exercise of jurisdiction and to correct the results of prior jurisdictionally unauthorized actions. *State ex rel. Dannaher v. Crawford* (1997), 78 Ohio St.3d 391, 393, 678 N.E.2d 549.

---

1. Rust filed a brief, but Judge Henson, whose brief was due on September 3, 2002, did not file one.

{¶13} It does not appear beyond doubt, after construing the material factual allegations of Mayer's complaint most strongly in his favor, that Mayer's complaint is either frivolous or obviously without merit.

{¶14} First, nunc pro tunc entries "are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided or what the court intended to decide." *State ex rel. Fogle v. Steiner* (1995), 74 Ohio St.3d 158, 164, 656 N.E.2d 1288. Judge Henson's June 8, 2001 nunc pro tunc entry was improper because it modified Rust's 1983 sentence to what the court intended to, but did not actually, decide. See *State v. Rowland* (Mar. 29, 2002), Hancock App. No. 5-01-39, 2002 WL 479164, holding that a trial court exceeded its authority by issuing a nunc pro tunc entry reducing a criminal sentence because the entry did not simply correct a clerical mistake.

{¶15} Second, Judge Henson admits in his nunc pro tunc entry that in 1983, he ordered Rust to serve his rape conviction consecutively to his other sentences. This was required by the existing version of R.C. 2929.41(B)(3). 140 Ohio Laws, Part 1, 599.

{¶16} Third, the action of Judge Henson to reduce his previous valid criminal sentence was a nullity, which may entitle Mayer to the requested extraordinary relief. Cf. *Mun. Court of Toledo v. State ex rel. Platter* (1933), 126 Ohio St. 103, 184 N.E. 1, paragraph five of the syllabus ("Where a court has made an unlawful order of suspension of execution of a sentence in a criminal case, mandamus is a proper remedy by which to compel such court to set aside and vacate such order and compel execution of the original sentence").

{¶17} Based on the foregoing, the court of appeals' rationale that dismissal was warranted because of the availability of an adequate remedy by appeal to raise these claims is erroneous. "[A]ppeal is immaterial in prohibition and mandamus actions where the court patently and unambiguously lacks jurisdiction to act." *State ex rel. Willacy v. Smith* (1997), 78 Ohio St.3d 47, 51, 676 N.E.2d 109. Because

4

Mayer's complaint for writs of mandamus and prohibition is neither frivolous nor obviously devoid of merit, the court of appeals erred in sua sponte dismissing his complaint.

{¶18} Therefore, we reverse the judgment of the court of appeals and remand the cause for further proceedings. *Fogle*, 74 Ohio St.3d at 163, 656 N.E.2d 1288 ("Generally, reversal of a court of appeals' erroneous dismissal of a complaint based upon failure to state a claim upon which relief can be granted requires a remand to that court for further proceedings"); see, also, *McAuley*, 82 Ohio St.3d at 396, 696 N.E.2d 572.[2]

> Judgment reversed
> and cause remanded.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

────────────────

John H. Jones, Richland County Special Assistant Prosecuting Attorney, for appellant.

Donald Rust, pro se.

────────────────

────────────────

2. We also deny Rust's motion to strike appellant's reply brief.