[Cite as *State ex rel. Duke Energy Ohio, Inc. v. Hamilton Cty. Court of Common Pleas*, 126 Ohio St.3d 41, 2010-Ohio-2450.]

[THE STATE EX REL.] DUKE ENERGY OHIO, INC. *v*. HAMILTON COUNTY

COURT OF COMMON PLEAS ET AL.

[Cite as *State ex rel. Duke Energy Ohio, Inc. v. Hamilton Cty. Court of Common Pleas*, 126 Ohio St.3d 41, 2010-Ohio-2450.]

*Prohibition — Writ sought to prevent a common pleas court and one of its judges from proceeding in a civil case arising from a public utility's threatened termination of service to a residential customer — Court and judge patently and unambiguously lack jurisdiction to proceed because PUCO has exclusive initial jurisdiction over rate- and service-related claims — Peremptory writ granted.*

(No. 2010-0416 — Submitted April 20, 2010 — Decided June 8, 2010.)

IN PROHIBITION.

_____

**Per Curiam.**

{¶ 1}  This is an original action for a writ of prohibition to prevent a common pleas court and one of its judges from proceeding in a civil case arising from a public utility's charge for and threatened termination of service to a residential customer.  Because the court and judge patently and unambiguously lack jurisdiction to proceed in the pending civil case because the Public Utilities Commission of Ohio has exclusive initial jurisdiction over rate- and service-related claims, we grant a peremptory writ of prohibition.

**Facts**

{¶ 2}  Relator, Duke Energy Ohio, Inc. ("Duke Energy"), is a public-utility corporation that supplies gas and electricity to customers throughout southwestern Ohio.  Duke Energy is a wholly owned subsidiary of Duke Energy

Corporation, which is not a public utility. Proposals, L.L.C. ("Proposals") is a limited-liability company that invests in real estate.

{¶ 3} Duke Energy provides gas and electricity to two separate parcels of real estate owned by Proposals – 832 Oak Street, in Cincinnati, Ohio, and 609 18th Street, in Middletown, Ohio. Proposals rented the upstairs and downstairs units at its Cincinnati property, under terms that required each tenant to pay the gas and electric bills for the area they used, including the basement. Duke Energy inspected the property and informed Proposals that certain lighting fixtures needed to be rewired. After Proposals finished the rewiring, Duke Energy credited the tenants with over $9,000 previously charged to them and billed Proposals for this amount. Duke Energy billed some of this amount to Proposals' Middletown property and notified Proposals that it would disconnect utility service if the amount was not paid by February 26, 2010.

{¶ 4} On February 19, 2010, Proposals filed a complaint in respondent Hamilton County Court of Common Pleas against Duke Energy's parent corporation. In addition to filing the complaint, Proposals filed a motion for a temporary restraining order and preliminary injunction to prevent the parent corporation "from cutting off utility service at 609 18th Street in Middletown, Ohio, until such time as the Court shall have a full opportunity to rule on the merits." In its motion, Proposals argued that Duke Energy's actions violated R.C. 4933.122(B). The parent corporation opposed the motion and moved to dismiss the civil action on the basis that the court lacked jurisdiction over the service-related complaint. On February 23, respondent Judge Norbert A. Nadel of the common pleas court granted Proposals' motion and issued an order restraining the parent corporation from cutting off utility service at Proposals' property. Judge Nadel scheduled a March 10 hearing on Proposals' request for a preliminary injunction.

**{¶ 5}** On February 26, 2010, Proposals filed a complaint with the Public Utilities Commission of Ohio based on the identical facts and claims in its civil action. More specifically, Proposals described its commission complaint against Duke Energy as follows:

**{¶ 6}** "The property in question is a 130 year old duplex with two gas and two electric meters. Proposals, LLC purchased the property in Sep '07 and leases to two tenants. Duke Energy did an inspection July '09 after one tenant had their gas and electric disconnected for lack of payment. They verbally informed us that the basement was considered a common area and the lights therein had to be either on a separate meter or separately switched from within the tenants apartments. We rewired the single basement light switch into two. Duke re-inspected and stated they were satisfied but were going to bill us back all gas and electric since the tenants moved in totaling $9047.73 and refund same to the tenants. We called PUCO and were told Duke was in error since such master metering only applied to commercial properties[.] Duke has refused to give us any inspection reports or further billing for 6 months and we have retained an attorney for discovery. Duke is now threatening disconnection."

**{¶ 7}** The parent corporation renewed its motion to dismiss the civil case and advised Judge Nadel of Proposals' pending complaint before the commission. Judge Nadel refused to dismiss the case and instructed the parties that the preliminary-injunction hearing would go forward as scheduled. Judge Nadel also allowed Proposals to amend its complaint to add Duke Energy as an additional defendant.

**{¶ 8}** In its amended complaint, Proposals claimed that Duke Energy and its parent corporation unlawfully charged it $9,047.73 for the provision of gas and electricity to its Cincinnati property and illegally threatened to terminate utility service for its Middletown property in violation of R.C. 4933.122(B). Proposals requested (1) an injunction preventing Duke Energy and its parent corporation

from cutting off service to any of its properties in order to collect the disputed charge, (2) a declaratory judgment that it does not owe Duke Energy and its parent corporation the $9,047.73 claimed, (3) a declaratory judgment that neither Duke Energy nor its parent corporation is authorized to interfere with its constitutionally protected contractual relationships, and (4) an award for its damages and attorney fees.

{¶ 9} Duke Energy filed this action for a writ of prohibition to prevent the common pleas court and Judge Nadel from exercising jurisdiction over the civil case and from restraining Duke Energy from disconnecting utility services because certain services provided by Duke Energy had not been paid for by Proposals. The common pleas court and Judge Nadel filed a motion to dismiss. Duke Energy filed a memorandum in opposition. In addition, William Flax, the attorney for Proposals, filed a motion for leave to file an amicus curiae memorandum in support of respondents.

{¶ 10} This cause is now before the court for our S.Ct.Prac.R. 10.5 determination.

**Legal Analysis**

*Motion for Leave to File Amicus Curiae Memorandum*

{¶ 11} The attorney for Proposals seeks leave to file an amicus curiae memorandum in support of the common pleas court and Judge Nadel. Under S.Ct.Prac.R. 10.8 and 6.6, an amicus curiae may file a merit brief in an original action without leave of court. See *State ex rel. Citizen Action for a Livable Montgomery v. Hamilton Cty. Bd. of Elections*, 115 Ohio St.3d 437, 2007-Ohio-5379, 875 N.E.2d 902, ¶ 24. But the Supreme Court Rules of Practice do not specifically authorize amici curiae to file memoranda before an alternative writ is granted, so leave must be sought. See *State ex rel. Vaughn Industries, L.L.C. v. Reece*, 116 Ohio St.3d 1212, 2007-Ohio-6670, 878 N.E.2d 1050, ¶ 3 (granting

4

motion of amicus curiae for leave to file a memorandum opposing respondents' motion to dismiss in prohibition case).

{¶ 12} We grant Proposals' motion for leave to file the memorandum because it is the plaintiff in the underlying action that Duke Energy seeks to prevent, and the memorandum will assist us in our S.Ct.Prac.R. 10.5 determination.

*S.Ct.Prac.R. 10.5 Standard*

{¶ 13} We must determine whether dismissal, an alternative writ, or a peremptory writ is appropriate. S.Ct.Prac.R. 10.5. Dismissal, which the common pleas court and Judge Nadel request in their motion, is required if it appears beyond doubt, after presuming the truth of all material factual allegations of Duke Energy's complaint and making all reasonable inferences in its favor, that Duke Energy is not entitled to the requested extraordinary relief in prohibition. *State ex rel. Finkbeiner v. Lucas Cty. Bd. of Elections*, 122 Ohio St.3d 462, 2009-Ohio-3657, 912 N.E.2d 573, ¶ 10.

{¶ 14} If, however, after so construing the complaint, it appears that its prohibition claim may have merit, we will grant an alternative writ and issue a schedule for the presentation of evidence and briefs. *State ex rel. Mason v. Burnside*, 117 Ohio St.3d 1, 2007-Ohio-6754, 881 N.E.2d 224, ¶ 8.

{¶ 15} Finally, if the pertinent facts are uncontroverted and it appears beyond doubt that Duke Energy is entitled to the requested extraordinary relief in prohibition, a peremptory writ will be granted. *State ex rel. Sapp v. Franklin Cty. Court of Appeals*, 118 Ohio St.3d 368, 2008-Ohio-2637, 889 N.E.2d 500, ¶ 14.

*Prohibition Claim*

{¶ 16} To be entitled to the requested writ of prohibition, Duke Energy must establish that (1) Judge Nadel and the common pleas court are about to exercise judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy

exists in the ordinary course of law. *State ex rel. Cordray v. Marshall*, 123 Ohio St.3d 229, 2009-Ohio-4986, 915 N.E.2d 633, ¶ 25. Judge Nadel and the common pleas court are exercising judicial power in the underlying civil case.

{¶ 17} For the remaining requirements, "[i]f a lower court patently and unambiguously lacks jurisdiction to proceed in a cause, prohibition * * * will issue to prevent any future unauthorized exercise of jurisdiction and to correct the results of prior jurisdictionally unauthorized actions." *State ex rel. Mayer v. Henson*, 97 Ohio St.3d 276, 2002-Ohio-6323, 779 N.E.2d 223, ¶ 12. "Where jurisdiction is patently and unambiguously lacking, [a relator] need not establish the lack of an adequate remedy at law because the availability of alternate remedies like appeal would be immaterial." *Sapp*, 118 Ohio St.3d 368, 2008-Ohio-2637, 889 N.E.2d 500, at ¶ 15. Therefore, the dispositive issue is whether Judge Nadel and the common pleas court patently and unambiguously lack jurisdiction to proceed in the underlying civil claims against Duke Energy.

*Rate- and Service-Related Public-Utility Complaints*

{¶ 18} "The General Assembly has created a broad and comprehensive statutory scheme for regulating the business activities of public utilities. R.C. Title 49 sets forth a detailed statutory framework for the regulation of utility service and the fixation of rates charged by public utilities to their customers. As part of that scheme, the legislature created the Public Utilities Commission and empowered it with broad authority to administer and enforce the provisions of Title 49." *Kazmaier Supermarket, Inc. v. Toledo Edison Co.* (1991), 61 Ohio St.3d 147, 150, 573 N.E.2d 655.

{¶ 19} R.C. 4905.22 specifies that "[e]very public utility shall furnish necessary and adequate service" and that charges for public utility services must be "just, reasonable, and not more than the charges allowed by law or by order of the public utilities commission." R.C. 4905.26 confers exclusive jurisdiction on the commission to determine whether any charge or service rendered by a public

utility "is in any respect unjust, unreasonable, * * * or in violation of law." See also *State ex rel. Illum. Co. v. Cuyahoga Cty. Court of Common Pleas*, 97 Ohio St.3d 69, 2002-Ohio-5312, 776 N.E.2d 92, ¶ 18; *State ex rel. Columbia Gas of Ohio, Inc. v. Henson*, 102 Ohio St.3d 349, 2004-Ohio-3208, 810 N.E.2d 953, ¶ 16.

{¶ 20} Therefore, a "Court of Common Pleas is without jurisdiction to hear a claim alleging that a utility has violated R.C. 4905.22 by charging an unjust and unreasonable rate and wrongfully terminating service, since such matters are within the exclusive jurisdiction of the Public Utilities Commission." *Milligan v. Ohio Bell Tel. Co.* (1978), 56 Ohio St.2d 191, 10 O.O.3d 352, 383 N.E.2d 575, paragraph two of the syllabus.

{¶ 21} To determine whether the commission has exclusive jurisdiction over the underlying case, we must determine (1) whether the commission's administrative expertise is required to resolve the disputed issue and (2) whether the act complained of constitutes a practice normally authorized by the utility. *Corrigan v. Illum. Co.*, 122 Ohio St.3d 265, 2009-Ohio-2524, 910 N.E.2d 1009, ¶ 11. If either requirement is not met, "the claim is not within PUCO's exclusive jurisdiction." *Allstate Ins. Co. v. Cleveland Elec. Illum. Co.*, 119 Ohio St.3d 301, 2008-Ohio-3917, 893 N.E.2d 824, ¶ 13.

{¶ 22} First, the commission's administrative expertise is required to resolve this dispute. Proposals' claims in the civil action involve Duke Energy's charge of $9,047.73 to it for the provision of gas and electricity to its Cincinnati property and the threatened termination of service at Proposals' Middletown property if the disputed charge is not paid. These claims are manifestly rate- and service-related complaints, which are within the exclusive jurisdiction of the commission. *Henson*, 102 Ohio St.3d 349, 2004-Ohio-3208, 810 N.E.2d 953; *Illum. Co.*, 97 Ohio St.3d 69, 2002-Ohio-5312, 776 N.E.2d 92; and *Milligan*, 56 Ohio St.2d 191, 10 O.O.3d 352, 383 N.E.2d 575. In fact, in its amended

complaint in the common pleas court, Proposals alleges that Duke Energy violated R.C. 4933.122, which specifies the procedures for public utilities to terminate service. Cf., e.g., *Henson*, ¶ 23 (alleged violations of R.C. 4933.12 are within the exclusive jurisdiction of the commission).

**{¶ 23}** Second, the acts complained of – Duke Energy's threatened disconnection of utility service to Proposals' property and the charge of $9,047.73 to Proposals for utility service previously provided to its tenants – constitute practices normally authorized by the utility, i.e., the termination of utility service for nonpayment. Ohio Adm.Code 4901:1-18-07 specifies the procedures for a utility company to "disconnect utility service of individuals whose utility services are included in rental payments and of consumers residing in a multi-unit dwelling (i.e., tenants who receive master-metered services) for which the customer is the landlord."

**{¶ 24}** Based on the foregoing, although some of Proposals' claims in the civil action are couched in terms of tort and contract, they are insufficient to confer jurisdiction on the common pleas court because it is manifest that these claims are based upon violations of public-utility laws, which are within the exclusive initial jurisdiction of the commission to determine. *Henson*.

**Conclusion**

**{¶ 25}** Therefore, because the pertinent facts are uncontroverted and it appears beyond doubt that Duke Energy is entitled to the requested extraordinary relief, we grant a peremptory writ of prohibition to prevent the common pleas court and Judge Nadel from proceeding in the civil action on the claims against Duke Energy.

Writ granted.

LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

PFEIFER, J., dissents and would dismiss the cause.

BROWN, C.J., not participating.

_____

Eberly McMahon, L.L.C., and Robert A. McMahon, for relator.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Christian J. Schaefer and Charles W. Anness, Assistant Prosecuting Attorneys, for respondents.

William Flax, urging denial of the writ for amicus curiae, Proposals, L.L.C.

_____