[Cite as *Lawson Steel Slitting, Inc. v. Cleveland Elec. Illum. Co.*, 2012-Ohio-83.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 96845

---

## LAWSON STEEL SLITTING, INC.

### PLAINTIFF-APPELLANT

vs.

## CLEVELAND ELECTRIC ILLUMINATING CO.

### DEFENDANT-APPELLEE

---

## JUDGMENT:
## REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-748061

**BEFORE:** Rocco, J., Blackmon, A.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** January 12, 2012

**ATTORNEYS FOR APPELLANT**

Marcel C. Duhamel
Bryan J. Farkas
Natalia Steele
Vorys, Sater, Seymour & Pease, LLP
2100 One Cleveland Center
1375 East 9th Street
Cleveland, Ohio 44114-1724

**ATTORNEYS FOR APPELLEE**

Jeffrey J. Lauderdale
Gabrielle Kelly
Thomas I. Michals
Calfee, Halter & Griswold, LLP
1400 Keybank Center
800 Superior Avenue
Cleveland, Ohio 44114-2688

KENNETH A. ROCCO, J.:

{¶ 1} Plaintiff-appellant Lawson Steel Slitting, Inc. ("LSS") appeals from the trial court order that granted defendant-appellee the Cleveland Electric Illuminating Company's ("CEI") Civ.R. 12 motion to dismiss the complaint.

{¶ 2} LSS presents one assignment of error, arguing the trial court's action was improper. This court agrees. Consequently, LSS's assignment of error is sustained and this case is remanded for further proceedings.

**{¶ 3}** LSS filed its complaint against CEI in February 2010. Therein, LSS alleged that in 2007, one of CEI's transformers exploded, which caused a massive power surge, which in turn damaged LSS's machinery. LSS further alleged that two of CEI's employees acknowledged CEI was responsible for the damage and promised CEI would compensate LSS for the damage if LSS supplied proof of the cost, that LSS relied upon their statements, continued to be CEI's customer, and did not institute a formal claim against CEI, but that, in 2009, after the statute of limitations expired for pursuing a damage claim, CEI refused to honor the promise. LSS presented three causes of action, viz., promissory estoppel, "misrepresentation," and unjust enrichment.

**{¶ 4}** CEI responded to the complaint by filing a motion to dismiss pursuant to Civ.R. 12(B)(1), (B)(6), and (H)(3). CEI asserted LSS's causes of action were barred by res judicata and collateral estoppel, the court lacked subject matter jurisdiction, and LSS failed to state a claim in Count 2 upon which relief may be granted.

**{¶ 5}** According to CEI's motion, LSS already had attempted to bring claims based on the alleged conduct that formed the basis of the complaint, and those claims had been dismissed "with prejudice" in a "pending" case, viz., *Cleveland Elec. Co. v. Lawson Steel Slitting, Inc.*, Cuyahoga C.P. No. CV 10-732590 (Feb. 10, 2011). CEI referred to this pending case as "*Lawson I.*" CEI additionally asserted that LSS's claims fell within the exclusive jurisdiction of the Public Utilities Commission of Ohio (the "PUCO"), and that LSS did not adequately plead its claim of "misrepresentation."

{¶ 6}  CEI attached two exhibits to its motion.   The first was a copy of the answer and counterclaim LSS had purportedly filed in *Lawson I*.   The second appeared to be a copy of rules and regulations promulgated by the PUCO for CEI.

{¶ 7}  LSS filed a brief in opposition to CEI's motion to dismiss.   LSS did not supply the trial court with any evidentiary material.

{¶ 8}  Subsequently, the trial court issued a lengthy journal entry in which it granted CEI's motion to dismiss the complaint.   In pertinent part, the trial court stated, "Having reviewed the factual allegations in *Lawson I* and the facts alleged in the present case, the Court determines that the facts of this case arose out of the occurrence that was the subject matter in *Lawson I* — the damage caused to [LSS]'s machinery by the exploding transformer."   The court decided that since the cases shared "a common nucleus of operative facts," LSS's "complaint in this matter [was] therefore barred by res judicata and the Court [was] bound by well-established precedent to dismiss the complaint."

{¶ 9}  LSS appeals from the trial court's order with one assignment of error.

{¶ 10}  "I.   The Court of Common Pleas erred as a matter of law when it granted [CEI]'s motion to dismiss pursuant to [Civ.R.] 12(B)(1), 12(B)(6), and/or 12(H)(3)."

{¶ 11} LSS argues the trial court acted improperly in dismissing its complaint. Based upon the record, this court agrees.

{¶ 12} This court undertakes de novo review of the dismissal of a complaint under Civ.R. 12. *Nick Mayer Lincoln Mercury v. Ohio Bur. of Workers' Comp.*, Cuyahoga App. No. 93752, 2010-Ohio-2782, citing *Pro Se Commercial Props. v. Illum. Co.*, Cuyahoga App. No. 92961, 2010-Ohio-516.

{¶ 13} In this case, CEI argued LSS's complaint should be dismissed pursuant to separate sections of Civ.R. 12(B). CEI first argued that LSS's claims were barred by the doctrine of res judicata.

{¶ 14} Civ.R. 12(B), however, does not list res judicata among the defenses that may be raised in a motion to dismiss the complaint. Cf., Civ.R. 8(A). Thus, a defendant's attempt to establish the defense of res judicata *precludes* the use of Civ.R. 12(B). *State ex rel. Freeman v. Morris* (1991), 62 Ohio St.3d 107, 579 N.E.2d 702; *Hillman v. Edwards*, Franklin App. No. 10AP-950, 2011-Ohio-2677, ¶14; cf., *Hempstead v. Cleveland Bd. of Edn.*, Cuyahoga App. No. 90955, 2008-Ohio-5350 (issue of propriety of use of Civ.R. 12 not raised in opinion).

{¶ 15} Moreover, in its effort to establish its argument, CEI attached to its motion a pleading it claimed was filed in *Lawson I*. CEI thus implicitly recognized that the defense of res judicata *requires* evidence outside the pleadings; such a defense, therefore, is properly raised in a motion for summary judgment rather than a Civ.R. 12 motion. *Morris*; *Powell v. Wal-Mart Stores, Inc.*, Cuyahoga App. No. 93707, 2010-Ohio-5233, ¶12.

{¶ 16} Consequently, the trial court erred in dismissing CEI's complaint on this basis. *J & H Reinforcing & Struc. Erectors, Inc. v. Wellston City School Dist.*, Jackson App. No. 09CA8, 2010-Ohio-2312; *Morris*.

{¶ 17} CEI also argued that the trial court lacked subject matter jurisdiction over the claims LSS raised in its complaint. The standard to apply to a Civ.R. 12(B)(1) dismissal for lack of subject matter jurisdiction is whether the plaintiff has alleged any cause of action that the court has authority to decide. *Pro Se Commercial Props.*, ¶7.

{¶ 18} When determining its subject matter jurisdiction, the trial court is not confined to the allegations of the complaint, and it may consider material pertinent to such inquiry without converting the motion into one for summary judgment. *Southgate Dev. Corp. v. Columbia Gas Transm. Corp.* (1976), 48 Ohio St.2d 211, 358 N.E.2d 526, at paragraph one of the syllabus. With respect to a claim against a public utility, the supreme court noted:

{¶ 19} "The General Assembly has created a broad and comprehensive statutory scheme for regulating the business activities of public utilities. R.C. Title 49 sets forth a detailed statutory framework for the regulation of utility service and the fixation of rates charged by public utilities to their customers. As part of that scheme, the legislature created the Public Utilities Commission and empowered it with broad authority to administer and enforce the provisions of Title 49." *Kazmaier Supermarket, Inc. v. Toledo Edison Co.* (1991), 61 Ohio St.3d 147, 150, 573 N.E.2d 655.

{¶ 20} The PUCO has exclusive jurisdiction over various matters involving public utilities, such as rates and charges, classifications, and service. *State ex rel. Cleveland Elec. Illum. Co. v. Cuyahoga Cty. Court of Common Pleas* (2000), 88 Ohio St.3d 447, 450, 727 N.E.2d 900. In order to determine whether the PUCO has exclusive jurisdiction over a claim, the court must answer two questions, i.e., whether the PUCO's administrative expertise is required to resolve the disputed issue; and whether the act complained of constitutes a practice normally authorized by the utility. *State ex rel. Duke Energy Ohio, Inc. v. Hamilton Cty. Court of Common Pleas*, 126 Ohio St.3d 41, 2010-Ohio-2450, 930 N.E.2d 299, ¶21.

{¶ 21} If the answer to either question is negative, the claim is not within the PUCO's exclusive jurisdiction. *Allstate Ins. Co. v. Cleveland Elec. Illum. Co.*, 119 Ohio St.3d 301, 2008-Ohio-3917, 993 N.E.2d 824. It follows that if the answer to either question is uncertain, the trial court must allow the parties to present further evidence on the issue. *Pro Se Commercial Props.*, ¶13-15, citing *Pacific Indem. Ins. Co. v. The Illum. Co.*, Cuyahoga App. No. 82074, 2008-Ohio-3954.

{¶ 22} In this case, LSS alleged certain CEI employees informed it that, since CEI was responsible for the damage to LSS's equipment, CEI would provide compensation. It is impossible on the face of the record to determine whether this was a "practice normally authorized" by CEI; hence, the issue of subject matter jurisdiction cannot be resolved. *Pacific Indem.*, ¶22; cf., *Rafalski v. Dominion E. Ohio Co.*, Cuyahoga App.

No. 95908, 2011-Ohio-2931.  Therefore, at this juncture, dismissal of LSS's complaint pursuant to Civ.R. 12(B)(1) and 12(H)(3) also would be inappropriate.

{¶ 23} CEI finally argued LSS's claim of "misrepresentation" was a proper subject for dismissal pursuant to Civ.R. 12(B)(6).  In *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 327 N.E.2d 753, the supreme court stated, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  When examining a complaint for Civ.R. 12(B)(6) compliance, therefore, the court must presume that all factual allegations of the complaint are true and must also make all reasonable inferences in favor of the nonmoving party.

{¶ 24} LSS alleged in Count 2 of its complaint that CEI's employees informed it that CEI was responsible for the damage done to LSS's machinery, so LSS had only to submit proof of the loss to be compensated.  LSS also alleged that it reasonably relied upon this information to its detriment.  These allegations were sufficient to withstand a Civ.R. 12(B)(6) motion.  *Gary Phillips & Assoc. v. Ameritech Corp.* (2001), 144 Ohio App.3d 149, 759 N.E.2d 833; cf., *Rafalski*.

{¶ 25} For the foregoing reasons, LSS's assignment of error is sustained.

{¶ 26} The trial court's order, accordingly, is reversed, and this case is remanded for further proceedings.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
KENNETH A. ROCCO, JUDGE

PATRICIA ANN BLACKMON, A.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR