[Cite as *State ex rel. Byard v. Park*, 2020-Ohio-3062.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE EX REL. JESSICA BYARD, | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Relator | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| HONORABLE DIXIE N. PARK | : | Case No. 2020CA00080 |
| JUDGE OF THE PROBATE DIVISION | : | |
| STARK COUNTY COURT OF COMMON | : | |
| PLEAS, | : | |
| | : | |
| Respondent | : | O P I N I O N |

CHARACTER OF PROCEEDING:                Writ of Mandamus and/or
                                        Prohibition

JUDGMENT:                               Dismissed

DATE OF JUDGMENT:                       May 21, 2020

APPEARANCES:

For Relator                             For Respondent

PAUL HERVEY                             STANLEY R. RUBIN
4940 Munson Ave. NW                     437 Market Avenue North
Canton, Ohio 44718                      Canton, Ohio 44702

*Baldwin, J.*

{¶1}   On April 16, 2020, Relator, Jessica Byard, filed a Complaint for Writ of Mandamus and/or Prohibition against Respondent, Judge Dixie Park, of the Stark County Court of Common Pleas, Probate Division.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

{¶2}   Ms. Byard is the biological mother of two children, one of whom is eighteen years of age and is not the subject of these adoption proceedings. (Complaint at ¶ 6) In 2011, Ms. Byard and the biological father of the two children entered into a shared parenting agreement in a Summit County Domestic Relations case. (*Id.* at ¶ 9) Among other things, the agreement allegedly required biological father, with whom the two children live, to reside in Summit County until permission to move be given by the court or the other parent. (*Id.*)

{¶3}   Ms. Byard alleges biological father moved from Summit County in 2018 and failed to inform her of his new address. (*Id.* at ¶ 10) The Complaint further alleges the children were removed from Green Local Schools. (*Id.*) Ms. Byard also asserts biological father refuses her requests to contact the children by phone or mail, and to bring the children for court-ordered companionship visits. (*Id.*)

{¶4}   According to Ms. Byard's Complaint, the biological children's stepmother (hereinafter referred to as "Applicant") filed a Petition for Adoption in the Stark County Probate Court on or about December 26, 2019 (Case No. 236032). (*Id.* at ¶ 12) The Clerk of the Stark County Probate Court sent Ms. Byard a document titled, "Notice of Hearing on Petition for Adoption" (hereinafter, "Notice"). (*Id.* at ¶ 13, copy attached to Complaint as "Exhibit A.") A copy of the Petition for Adoption was not included with the Notice. (*Id.*)

{¶5}   The Notice indicated the probate court scheduled a hearing on March 23, 2020, to permit Ms. Byard to explain why her consent to the adoption was necessary. (*Id.* at ¶¶ 13-14). No other documents were included with the Notice. (*Id.* at ¶ 15) Ms. Byard alleges she never received a copy of the Petition for Adoption and her counsel attempted to review the adoption file in January 2020, but was denied access to the file by Judge Park's deputy clerk. (*Id.* at ¶¶ 20-22)

{¶6}   Thereafter, on February 25, 2020, counsel for Ms. Byard filed a Notice of Appearance and Motion to Dismiss the Petition. (*Id.* at ¶ 23) On this same day, Ms. Byard's counsel was again denied access to the adoption file by the probate court. (*Id.* at ¶ 24) On February 28, 2020, Ms. Byard filed an objection to the adoption. (*Id.* at ¶ 25) The probate court overruled Ms. Byard's Motion to Dismiss and objection to the adoption. (*Id.* at ¶ 26) Ms. Byard's counsel filed a Motion for Reconsideration on April 3, 2020, which the probate court denied on April 9, 2020. (*Id.* at ¶¶ 27-28) Thereafter, the probate court scheduled a hearing on April 20, 2020. (*Id.* at ¶ 29)

{¶7}   On April 16, 2020, Ms. Byard filed a Complaint for Writ of Mandamus and/or Prohibition. In a Judgment Entry filed on April 17, 2020, this Court issued an alternative writ and stayed the hearing scheduled for April 20, 2020. On April 22, 2020, Attorney Stanley R. Rubin filed a Motion to Dismiss on behalf of Judge Park. Ms. Byard subsequently filed a Motion to Substitute Party on April 27, 2020, in order to substitute "State of Ohio ex rel. Jessica Byard" as the Relator. We granted Ms. Byard's motion on May 11, 2020. On May 14, 2020, counsel for Ms. Byard filed an amended Complaint for Writ of Mandamus and/or Prohibition properly identifying Relator.

**LEGAL ANALYSIS**

A. <u>Mandamus relief</u>

**{¶8}**   Ms. Byard's Complaint asks for the following mandamus relief: (1) issuance of a writ in mandamus compelling Judge Park to serve Ms. Byard with a copy of the Petition and all related pleadings and; (2) allow Ms. Byard and her counsel unrestricted access to the probate court's file. (Complaint at p. 9)

**{¶9}**   For a writ of mandamus to issue, the relator must have a clear legal right to the relief prayed for, the respondent must be under a clear legal duty to perform the requested act, and relator must have no plain and adequate remedy in the ordinary course of law. (Citations omitted.) *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28, 29, 451 N.E.2d 225 (1983). "Mandamus is an extraordinary remedy 'to be issued with great caution and discretion and only when the way is clear.' " *State ex rel. Taylor v. Glasser,* 50 Ohio St.2d 165, 166, 364 N.E.2d 1 (1977), citing *State ex rel. Kriss v. Richards,* 102 Ohio St. 455, 457, 132 N.E. 23 (1921), and *State ex rel. Skinner Engine Co. v. Kouri,* 136 Ohio St. 343, 25 N.E.2d 940 (1940), paragraph one of the syllabus.

It is the well-settled general rule in Ohio that the issuance of a writ of mandamus rests, to a considerable extent at least, within the sound discretion of the court to which application for the writ is made. The writ is not demandable as a matter of right, or at least is not wholly a matter of right; nor will it issue unless the relator has a clear right to the relief sought, and makes a clear case for the issuance of the writ. *The facts submitted and the proof produced must be plain, clear, and convincing before a court is justified in using the strong arm of the law by way of granting the writ.*

(Citation omitted, emphasis added.) *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141, 161, 228 N.E.2d 631 (1967).

**{¶10}** We deny Ms. Byard's requested mandamus relief and grant Judge Park's dismissal motion for the following reasons. First, Judge Park was not required to serve the adoption petition on Ms. Byard and instead, properly served Ms. Byard with the "Notice of Hearing on Petition for Adoption[.]" Ms. Byard admits, in paragraph 13 of her Complaint, that Judge Park's deputy clerk sent the "Notice of Hearing on Petition for Adoption" to Ms. Byard on or about December 30, 2019. Ms. Byard does not claim she did not receive the Notice and in fact, attached a copy of it as "Exhibit A" to her Complaint.

**{¶11}** Ms. Byard instead argues she should have been served with a summons and copy of the Petition in accordance with the Ohio Civil Rules of Procedure and given an adequate opportunity to respond. (*Id.* at ¶ 39) She also asserts for the first time in her response to Judge Park's dismissal motion that the 14-day limitation period within which to respond by objection contained in R.C. 3107.07(K) does not apply to her. (Response at p. 4) We will not address claims asserted for the first time in Ms. Byard's response and not set forth in her Complaint. Ms. Byard waived this argument by not including it as a ground for relief in her Complaint. Therefore, she cannot raise it now as a basis to defeat Judge Park's dismissal motion. *See generally Snyder v. Snyder*, 5th Dist. Stark No. 2008CA00219, 2009-Ohio-5292, ¶ 25 ("The irregularity that Appellant now complains, that the parties were not married, could have been raised in the complaint as separate grounds for the divorce. Appellant failed to do so. Therefore, we find Appellant has waived those grounds and cannot raise it now by collateral attack.")

**{¶12}** Ms. Byard cites several cases in her response, all of which we find are inapplicable to the narrow issue presented here. First, Ms. Byard references *In re Adoption of Greer*, 70 Ohio St.3d 293, 638 N.E.2d 999 (1994), and concludes, "the 14-day limitation of ORC §3107.07(K) does not apply to the Relator's objection." (Response at p. 4) The *Greer* decision is not persuasive authority for the grounds of relief Ms. Byard alleges in her Complaint because, as noted above, Ms. Byard did not assert this particular argument as a basis for mandamus or prohibition relief.

**{¶13}** In *Greer*, the Ohio Supreme Court addressed the timing of a putative father's objection to an adoption petition. The putative father in *Greer* did not challenge the probate court's jurisdiction on the basis that he did not receive a copy of the adoption petition. In fact, the Court noted in its opinion the probate court served putative father with a copy of the petition and the notice of hearing on the petition. *Id.* at 295. On this point alone, *Greer* and the present matter are factually distinguishable making *Greer* inapplicable. Further, any challenge to the 14-day objection period is an issue that may be raised on appeal and therefore, is not the proper subject of an original action. *See State ex rel. Pressley v. Indus. Comm.,* 11 Ohio St.2d 141, 228 N.E.2d 631 (1967), paragraph three of the syllabus (An appeal is generally considered an adequate remedy in the ordinary course of law sufficient to preclude a writ.)

**{¶14}** Next, Ms. Byard cites *In re Burdette*, 83 Ohio App. 368, 83 N.E.2d 813 (9th Dist.1948). A review of this case supports the conclusion that service of notice of the adoption hearing is sufficient. This 1948 case references adoption statutes from Ohio's General Code. Even under the General Code, the court of appeals noted:

The statute does not require summons but only notice to be served on the parent. * * * The word "notice" is defined in Webster's New International Dictionary (2d Ed.) as 1. "Information; or warning, esp. of a formal nature; announcement * * *." "Notice" is used in the statute as a means of advice or information in writing, to apprise a person of some court proceedings.

*Id.* at 375.

**{¶15}** The court of appeals found the probate court correctly concluded biological mother received proper notice regarding the adoption hearing even though biological mother was only served with a true copy of the notice of hearing. *Id.* at 369, 375. There is no mention in the *Burdette* case that biological mother was also served with a copy of the adoption petition. Thus, *Burdette* stands for the proposition that service of notice alone is sufficient.

**{¶16}** Finally, Ms. Byard cites *In re Adoption of Goldberg*, 12th Dist. Warren Nos. CA2002-09-091, CA2002-09-099, CA2002-10-109, 2003-Ohio-1015. This case also does not address the issue raised by Ms. Byard regarding service of the adoption petition. However, it does support the conclusion that only "notice" is required to be given to any person whose consent to the adoption is required. *Goldberg* held the application of the one-year service requirement of Civ.R. 3(A) is inconsistent with the language of the adoption statute and the purpose of the failure to communicate provision. *Id.* at ¶ 25.

**{¶17}** In reaching this conclusion, the *Goldberg* court first noted the Rules of Civil Procedure do not apply " 'to the extent they would be clearly inapplicable.' Civ.R.1(C)(7)." *Id.* at ¶ 12. Importantly, for the issue presented here, the court also explained the statute,

R.C. 3107.11(A)(2), only requires persons be given notice of the filing of the petition " '[a]t least twenty days before the date of the hearing' on the petition." *Id.* at ¶ 18.

{¶18} We do not find the case law relied on by Ms. Byard supports the claims she presented in her Complaint such that she would be entitled to mandamus relief. Further, in her dismissal motion, Judge Park cites a case from this Court we find to be on point with regard to the service issue raised by Ms. Byard. In *Askew v. Taylor*, 5th Dist. Stark No. 2004CA00184, 2004-Ohio-5504, the probate court granted stepfather's adoption petition because biological father failed to communicate with the minor child for a period of at least one year immediately preceding the filing of the adoption petition. *Id.* at ¶ 6. Biological father appealed to this Court and assigned as error the trial court's alleged failure to serve him with a copy of the adoption petition. *Id.* at ¶ 17. Specifically, biological father argued, "he was never served a copy of the same with a summons as required by Civ.R. 4 and 4.1." *Id.*

{¶19} We overruled biological father's assignment of error referencing language in R.C. 3107.11(A), which provides: "At least twenty days before the date of hearing, *notice of the filing of the petition and of the time and place of hearing shall be given by the court * * *"* (Emphasis sic.) *Id.* at ¶ 18. We held, "[i]n short, such section requires *service of notice* rather than issuance of summons." (Emphasis added.) *Id.* This Court further explained Civ.R. 73 is the applicable rule regarding proceedings in a probate court. *Id.* at ¶ 19. The current version of the rule provides in section (C) that with regard to *service of summons*, Civ.R. 4 through 4.6 apply to probate courts. However, section (E) of the rule addresses the various ways in which service of notice may occur. Clearly,

Civ.R. 73 contemplates service of different types of documents, including service of notice as opposed to service of a summons and complaint.

**{¶20}** In the present matter, Ms. Byard does not claim she did not receive notice of the hearing. Rather, she maintains she was also entitled to be served with a copy of the Petition for Adoption. Neither R.C. 3107.11(A) nor our decision in *Askew* supports this conclusion. Rather, both indicate anyone entitled to notice of the filing of an adoption petition is entitled to *notice* of the filing of the petition, which must be properly served under Civ.R. 73(E). For these reasons, we conclude Ms. Byard received the type of notice to which she was statutorily entitled to receive when Judge Park served her with Standard Probate Form 18.2 Notice of Hearing on Petition for Adoption.

**{¶21}** Ms. Byard's second request in her Complaint for Writ of Mandamus concerns access to the probate court's adoption file. Ms. Byard maintains she is entitled to review the file and Judge Park improperly precluded her from doing so. (Complaint at ¶¶ 24, 28) We disagree. R.C. 3107.17(B)(1) establishes the presumption of confidentiality of adoption records. *Wood Cty. Dept. of Job & Family Serv. v. Pete F.,* 6th Dist. Wood No. WD-05-023, 2005-Ohio-6006, ¶ 12. The statute provides, in relevant part: "Except as provided in divisions (B)(2) and (D) of this section, sections 3107.38 and 3107.381, and sections 3107.60 to 3107.68 of the Revised Code, no person or governmental entity shall knowingly reveal any information contained in a paper, book, or record pertaining to an adoption that is part of the permanent record of a court * * * without consent of a court."

**{¶22}** Thus, "[a]doption records * * * are expressly cloaked in confidentiality by statute. This statutory confidentiality is qualified and can be modified with the consent of the court." *Id.* at ¶ 13. R.C. 3107.17 vests the probate court with discretion in determining

whether to preserve the confidentiality of adoption records. *Id.* Further, Sup.R. 55(C) provides that adoption proceedings are confidential and "[r]ecords of those proceedings, and other records that are confidential by statute, may be accessed as authorized by the judge." An exception is provided for attorneys under R.C. 3107.17(B)(2). This statute allows an attorney to examine the attorney's "*own* papers, books, and records pertaining to an adoption without a court's consent for official administrative purposes." (Emphasis added.)

**{¶23}** Based on these provisions of the Ohio Revised Code and Superintendence Rule 55, Ms. Byard is not entitled to review the adoption file. It is well within Judge Park's discretion under R.C. 3107.17(B)(1) to deny Ms. Byard's attorney permission to review the probate court's adoption file. Further, Ms. Byard's attorney did not indicate he solely seeks to review his *own* documents that he filed in this matter. Rather, Ms. Byard's counsel wants to review, among other documents contained in the probate court's file, the Petition for Adoption. (*See* Complaint at ¶ 27.) Ms. Byard is not entitled to mandamus relief to review the adoption file that is the subject of this original action. Further, Ms. Byard's claim that Judge Park is erroneously denying her access to the probate court's adoption file is an issue that can be addressed on appeal.

**{¶24}** For these reasons, we grant Judge Park's Motion to Dismiss as it pertains to Ms. Byard's Complaint for Writ of Mandamus.

B. Prohibition relief

**{¶25}** Ms. Byard also seeks relief in prohibition. She asks for: (1) issuance of a writ of prohibition preventing Judge Park from moving forward with any actions or hearings in this matter until Ms. Byard is properly served under the Ohio Rules of Civil

Procedure; (2) an opportunity to answer and respond to the Petition under the civil rules; and (3) complete access to the probate court's adoption file. (Complaint at 9)

**{¶26}** To be entitled to a writ of prohibition, Ms. Byard must establish: (1) Judge Park and the probate court are about to exercise judicial power; (2) the exercise of that power is unauthorized by law, and (3) denying the writ would result in injury for which no adequate remedy exists in the ordinary course of law. (Citation omitted.) *State ex rel. Duke Energy Ohio, Inc. v. Hamilton Cty. Court of Common Pleas*, 126 Ohio St.3d 41, 2010-Ohio-2450, 930 N.E.2d 299, ¶ 16. "If a lower court patently and unambiguously lacks jurisdiction to proceed in a cause, prohibition * * * will issue to prevent any future unauthorized exercise of jurisdiction and to correct the results of prior jurisdictionally unauthorized actions." *Id.* at ¶ 17, quoting *State ex rel. Mayer v. Henson*, 97 Ohio St.3d 276, 2002-Ohio-6323, 779 N.E.2d 223, ¶ 12. "Where jurisdiction is patently and unambiguously lacking, [a relator] need not establish the lack of an adequate remedy at law because the availability of alternate remedies like appeal would be immaterial." *Id.*, quoting *State ex rel. Sapp v. Franklin Cty. Court of Appeals*, 118 Ohio St.3d 368, 2008-Ohio-2637, 889 N.E.2d 500, ¶ 14.

**{¶27}** Here, we are called upon to determine whether Judge Park patently and unambiguously lacks jurisdiction to proceed in the adoption matter. Ms. Byard contends the probate court lacks personal jurisdiction over her because she "has [not] been properly served with summons and complaint pursuant to Civil Rules and given adequate opportunity to respond." (Complaint at ¶ 39; *see also* ¶ 41.) We addressed the service issue above and concluded under R.C. 3107.11(A), our decision in *Askew*, 2004-Ohio-

5504, and Civ.R. 73, Ms. Byard was properly served when she received Standard Probate Form 18.2 Notice of Hearing on Petition for Adoption.

**{¶28}** This form advised Ms. Byard of the party who filed the Petition for Adoption and the name of the child petitioner seeks to adopt. (*See* Complaint, Exhibit A.) It also contains the date, time, and location of the hearing on the petition. (*Id.*) Further, it informed Ms. Byard the basis for the petitioner's assertion that her consent is not required, which is the fact that Ms. Byard allegedly "failed without justifiable cause to communicate with the minor for a period of at least one year immediately preceding the filing of the adoption petition or the placement of the minor in the home of the petitioner." (*Id.*) Most importantly, it advised Ms. Byard of the ramifications to her legal rights if the adoption petition is granted and how she could protect her rights by timely filing an objection within 14 days after proof of service and appearing at the hearing. (*Id.*)

**{¶29}** As part of her request for prohibition relief, Ms. Byard also requests an opportunity to respond to the Petition for Adoption. As noted above, Ms. Byard never claimed she was not served with Standard Probate Form 18.2. Therefore, having been properly served with notice of the adoption petition, Ms. Byard had an opportunity to respond per the objection deadline set forth in the notice. Because Ms. Byard received proper notice, Judge Park's exercise of jurisdiction over Ms. Byard is authorized by law.

**{¶30}** Finally, Ms. Byard again requests complete access to the adoption file via prohibition relief. Under R.C. 3107.17(B)(1) and Sup.R. 55(C), Ms. Byard is not entitled to review the probate court's adoption file without consent of the court. Ms. Byard requested consent from Judge Park and she denied it. Under the statute, Judge Park is authorized to deny access since adoption proceedings are to be kept confidential. If Ms.

Byard believes Judge Park abused her discretion in denying access to the adoption file, this is an issue that may be addressed on appeal.

**{¶31}** For these reasons, we find Judge Park is not about to exercise judicial power that is unauthorized by law. Further, the alleged injuries Ms. Byard seeks to remedy via prohibition are issues that may be addressed on appeal. Therefore, Ms. Byard is not entitled to prohibition relief.

**{¶32}** We grant Judge Park's Motion to Dismiss on the basis that Ms. Byard is unable to state a claim upon which relief may be granted in either mandamus or prohibition. Ms. Byard's Complaint for Writ of Mandamus and/or Prohibition is dismissed. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

**{¶33}** MOTION GRANTED.

**{¶34}** CAUSE DISMISSED.

**{¶35}** COSTS TO RELATOR.

**{¶36}** IT IS SO ORDERED.

By: Baldwin, J.

Hoffman, P.J. and

Delaney, J. concur.