[Cite as *Gates v. Werren*, 2025-Ohio-2667.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| ROBERT GATES | : | JUDGES: |
| | : | Hon. Andrew J. King, P.J. |
| Relator | : | Hon. Kevin W. Popham, J. |
| | : | Hon. David M. Gormley J. |
| -vs- | : | |
| | : | |
| JUDGE CURT WERREN, PROBATE | : | Case No. 2025CA00070 |
| DIVISION, STARK COUNTY | : | |
| | : | |
| Respondent | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Writ of Prohibition


JUDGMENT:          Dismissed


DATE OF JUDGMENT:          July 29, 2025


APPEARANCES:

For Relator                                          For Respondent

ROGER GATES                              KYLE L. STONE
611 Smith Ave. NW                       Prosecuting Attorney
Canton, OH  44708                        JOHN LYSENKO
                                                      Assistant Prosecuting Attorney
                                                      110 Central Plaza South, Suite 510
                                                      Canton, OH  44702

*King, J.*

{¶ 1}   On June 18, 2025, Relator Roger Gates filed a petition for a writ of prohibition against Respondent Judge Curt Werren, Stark County Probate Division. Gates seeks to prevent Judge Werren from exercising judicial authority beyond the scope of his jurisdiction in an ongoing guardianship involving the real property of the ward, Charlotte G. Schleig.

{¶ 2}   We find Gates cannot state a claim for prohibition relief and therefore grant Judge Werren's Motion to Dismiss under Civ.R. 12(B)(6).

## I. Background

{¶ 3}   Gates asserts he is the adult son of Charlotte G. Schleig and, as such, is an interested party in the probate matter concerning Schleig's guardianship and trust. On November 4, 2024, the court-appointed guardian, Silas M. Pisani, allegedly submitted filings that referenced an unrelated and unknown ward, who is not a party to Schleig's guardianship proceeding. These filings, according to Gates, introduced misleading and prejudicial information into the case record.

{¶ 4}   On May 22, 2025, Gates filed a motion in the Stark County Probate Court seeking to clarify and strike the allegedly erroneous information from the record. The probate court denied the motion without a hearing or any explanation. Subsequently, the probate court scheduled a status conference and is allegedly moving toward a potential sale of Schleig's residence. Gates contends the residence is held in trust and the court is proceeding without first resolving the disputed record or confirming the guardian's lawful

authority to dispose of trust assets. Gates argues permitting the sale under these circumstances would exceed the probate court's jurisdiction and violate both Schleig's and his own due process rights.

{¶ 5}   On July 9, 2025, Judge Werren filed a Motion to Dismiss Relator's Petition for Writ of Prohibition. Gates filed a Memorandum in Opposition to Respondent's Motion to Dismiss on July 14, 2025.

## II. Writ of prohibition elements and Civ.R. 12(B)(6) standard

{¶ 6}   To be entitled to a writ of prohibition, Gates must establish: (1) Judge Werren is about to exercise judicial power, (2) the exercise of power is unauthorized by law, and (3) denying the writ would result in injury for which no adequate remedy exists in the ordinary course of law. (Citation omitted.) *State ex rel. Duke Energy Ohio, Inc. v. Hamilton Cty. Court of Common Pleas*, 2010-Ohio-2450, ¶ 16. "'If a lower court patently and unambiguously lacks jurisdiction to proceed in a cause, prohibition . . . will issue to prevent any future unauthorized exercise of jurisdiction and to correct the results of prior jurisdictionally unauthorized actions.'" *Id*. at ¶ 17, quoting *State ex rel. Mayer v. Henson*, 2002-Ohio-6323, ¶ 12, citing *State ex rel. Dannaher v. Crawford*, 78 Ohio St.3d 391, 393 (1997).

{¶ 7}   "Where jurisdiction is patently and unambiguously lacking, [a relator] need not establish the lack of an adequate remedy at law because the availability of alternate remedies like appeal would be immaterial." *State ex rel. Sapp v. Franklin Cty. Court of Appeals*, 2008-Ohio-2637, ¶ 15, citing *State ex rel. Columbus S. Power Co. v. Fais*, 2008-Ohio-849, ¶ 16. "Absent a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party

challenging the court's jurisdiction possesses an adequate remedy by appeal." *State ex rel. Willacy v. Smith,* 78 Ohio St.3d 47, 51 (1997), citing *State ex rel. Fraternal Order of Police, Ohio Labor Council, Inc. v. Franklin Cty. Court of Common Pleas*, 76 Ohio St.3d 287, 289 (1996). Therefore, an available appeal will foreclose relief in prohibition, as extraordinary relief is not available to "circumvent the appellate process." *State ex rel. Lewis v. Moser*, 72 Ohio St.3d 25, 28 (1995).

{¶ 8} Judge Werren seeks dismissal of the petition under Civ.R. 12(B)(6). "Dismissal of the petition is proper if it appears beyond doubt, after presuming the truth of all material factual allegations in the petition and making all reasonable inferences in his favor, that Jones is not entitled to extraordinary relief in prohibition. *See State ex rel. Hemsley v. Unruh*, 2011-Ohio-226, ¶ 8." *State ex rel. Jones v. Paschke*, 2022-Ohio-2427, ¶ 5.

### III. Analysis

{¶ 9}   Gates asks us to restrain Judge Werren from taking any further action in Schleig's guardianship case, including conducting the status conference or approving the sale of Schleig's residence, until the record is corrected, the trustee's duties are addressed, and jurisdictional authority is clearly established.

A.   *Judge Werren has subject-matter jurisdiction over the Schleig guardianship.*

{¶ 10} As explained above, a writ of prohibition is available only when a court takes action that is patently and unambiguously beyond its jurisdiction. The Ohio Supreme Court typically does not find a tribunal patently and unambiguously lacked jurisdiction if the tribunal "had at least basic statutory jurisdiction to proceed." (Citation omitted.) *State*

*ex rel. Feltner v. Cuyahoga Cty. Bd. of Revision*, 2020-Ohio-3080, ¶ 9. "Therefore, in prohibition cases involving statutorily created tribunals of limited jurisdiction, we ordinarily ask whether the General Assembly gave the tribunal authority to proceed in the matter at issue." (Citations omitted.) *Id*.

{¶ 11} Gates challenges certain actions taken or about to be taken by Judge Werren. "It is well-settled that proceedings in probate court are restricted to those actions permitted by statute and by the Constitution, since the probate court is a court of limited jurisdiction." (Citations omitted.) *Corron v. Corron*, 40 Ohio St.3d 75, paragraph one of the syllabus (1988). R.C. 2101.24(C) grants probate court jurisdiction and provides "[t]he probate court has plenary power at law and in equity to dispose fully of any matter that is properly before the court, unless the power is expressly otherwise limited or denied by statute."

{¶ 12} The matters a probate court may properly consider are enumerated and limited by scope in R.C. 2101.24(A)(1)(a) through (ff). Under this statute, the General Assembly gave probate courts exclusive jurisdiction to appoint and remove guardians, direct and control their conduct, and settle their accounts (R.C. 2101.24(A)(1)(e)); to act for and issue orders regarding wards (R.C. 2101.24(A)(1)(r)); and to authorize the sale of lands or interests in lands on petition by guardians (R.C. 2101.24(A)(1)(i)). Further, under R.C. 2127.10 an action to obtain authority to sell real property by a guardian must be filed in the probate court and R.C. 2127.05 permits a guardian to commence a civil action in the probate court for authority to sell all or any part of the real property of a ward.

{¶ 13} For these reasons, Judge Werren has subject-matter jurisdiction over the Schleig guardianship.

B.     *The actions challenged by Gates exclusively fall within Judge Werren's jurisdiction.*

{¶ 14} Here, Gates maintains an asset allegedly held in trust may not be the subject of a land sale proceeding and that until Judge Werren makes a ruling on this issue, he is exceeding his jurisdiction. We disagree because guardianships and land sales therein are clearly within the jurisdiction of Judge Werren and the Stark County Probate Court. Therefore, the fact that Gates alleges, without any proof, the residence at issue is a trust asset has no bearing on the issue of whether Judge Werren is exceeding his jurisdiction. Because Judge Werren has subject-matter jurisdiction Gates has an adequate remedy at law and is not entitled to relief in prohibition.

## IV. Conclusion

{¶ 15} Guardianships and land sales are within the exclusive statutory subject-matter jurisdiction of the probate court. Judge Werren's Motion to Dismiss is therefore granted. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

{¶ 16} RESPONDENT'S MOTION TO DISMISS GRANTED.

{¶ 17} CAUSE DISMISSED.

{¶ 18} COSTS TO RELATOR.

{¶ 19} IT IS SO ORDERED.

By King, P.J.

Popham, J. and

Gormley, J. concur.